JOHN COBB, *et al.*, v. THE INSURANCE CO. OF NORTH AMERICA.

1. ACTION ON POLICY OF INSURANCE; *When it may be Brought.*    Where an insurance policy contained a stipulation that the loss should be payable sixty days after due notice and proofs of the same made by the assured and received by the insurer, and where subsequent to a loss the insurer denied all liability therefor, and refused to pay the loss or any part of it, and placed such denial and refusal on the ground of the circumstances attending the fire, and requested the assured to bring suit in Kansas where the loss occurred, rather than in the place of its home-office, *held*, that such conduct was a waiver of the sixty-day clause, and an action brought before the expiration of the sixty days was not premature.

2. CONDITION OF POLICY CONTRACT; *Waiver; Estoppel.*    Where there is a condition in a policy that additional insurance will avoid the policy without the consent of the insurer in writing, and where the insurer, reducing its own policy, requests the insured to take out a policy of a specified amount in a particular company, and in obedience thereto the insured does take out such policy, and tenders to the insurer its policy

to have the consent in writing indorsed thereon, and the insurer intending to cheat and defraud the insured fraudulently neglects to indorse any consent in writing, *held*, that in case of a loss the insurer was estopped from insisting on a want of written consent as a ground of forfeiture.

*Error from Shawnee District Court.*

ON the 27th of May 1867, defendant in error, *The President and Directors of the Insurance Company of North America,* issued its policy of insurance to one G. F. Bernstein to insure him on his stock of goods in Council Grove to the amount of $6,000. Afterward the policy was reduced by the agent of the defendant to $3,000. On the 12th of March 1868, and during the lifetime of the policy, the goods of Bernstein covered by the policy were entirely destroyed by fire. Bernstein assigned the policy, and his claim thereon, to *Cobb, Stribling & Co.,* on the 27th of June 1868. This action was commenced in the district court for Shawnee county on the 10th of March 1869. The pleadings consisted of the petition, the answer, a reply, and a general demurrer to the reply. The averments of the pleadings sufficiently appear in the opinion of the court. The action was heard upon the demurrer at the June Term 1870 of the district court, and judgment upon the pleadings was given in favor of the *Insurance Company,* and plaintiffs bring the case here on error.

*W. P. Douthitt,* and *C. M. Foster,* for plaintiffs:

1. The first question arising on the record is, whether the policy is void on account of the assignment to plaintiffs, *after loss,* without the assent of the defendant. The plaintiffs claim that such a provision in the policy is void; that after loss the amount due on the policy is a mere claim for damages, and that there is nothing in the relation of the parties that requires such an agreement to be upheld. Insurance is made by business men for the purpose of so securing themselves against losses by fire; and when losses occur, they may pay debts or obtain credit by assignment of their claims, and

thus continue in business. The law will not permit insurance companies to tie up claims for losses against them, and thus bring their creditors to terms, and generally impair their standing and credit by upholding any such provision in a policy. If there was any claim to be assigned under the policy it passed to the plaintiffs, who are the proper parties to bring this action. Civil code, § 26; 1 Dillon's Ct. Ct., 392; 17 N. Y., 609; 28 Barb., 116; 40 Barb., 292; 12 Iowa, 287; 27 Mo., 311; 5 Bush., 652.

2. The next question is, whether this action was prematurely brought. The policy provides that the loss shall not be payable for sixty days after proof of loss. If we assume that the proof of loss made on January 26th 1869 was the first that was sufficient under the policy, or was the first the defendant was bound to notice, we claim that the conduct of the defendant was such that the plaintiffs had a right to sue at once. That provision of the policy only applies to cases where the claim is recognized by the defendant, and the loss adjusted. If the defendant requested the plaintiffs to sue it, it cannot complain if they followed their direction. 12 Wheat., 392; 34 Conn., 561; 6 Blatch., 241; 51 Ill., 342; 14 Mo., 220.

3. The defendant cannot defeat the recovery on the policy on the ground that there was additional insurance obtained on the property. The plaintiffs' reply alleged that the insurance was effected with the knowledge of the defendant's agents. Notice to the agent is notice to the principal: 11 Wallace, 356; 26 Iowa, 9; 30 Iowa, 133; 8 Bush., 133; 50 Ill., 120; 40 N. H., 375; 27 Wis., 493. But this is not a case of additional insurance, as the property at the time of loss was insured for no more than the defendant had insured it for in the first place. If at the time of issuing the policy the defendant expected to pay losses arising thereunder, it cannot complain that another company stepped in to share its burdens. A part of the liability of the defendant was transferred to another company, at the instance of defendant's agent. It was for its benefit.

4. The proof furnished by the plaintiffs on January 26th, 1869, was a sufficient compliance with the conditions of the policy, even if there had been no notice given in the first place. The policy provided that the loss should not be payable for sixty days after proof. The defendant cannot claim that the plaintiffs were not in time, and it should have notified the plaintiffs of any defects existing in the proofs. But instead, it absolutely refused to pay the loss, and that was a waiver of any defect in form, or as being out of time: 10 Peters, 507; 9 Howard, 390; 2 Ohio St., 452; 25 Ill., 466; 2 N. Y., 53; 1 Bosw., 338; 3 Bush., 328; 25 Wend., 379. A condition may be waived even after the time when it should have been performed has passed: 57 Barbour, 518; 5 Lans., 275.

*A. L. Williams,* and *Lewis Hanback,* for defendant:

1. No issue is made on the first point in plaintiff's brief.

2. The action was prematurely brought. No cause of action had accrued to the plaintiffs at the time the suit was brought, nor does the conduct of the company, as pleaded, amount to a waiver. Wright, (Ohio,) 548; 10 Peters, 13; 39 N. Y., 45; 1 Bosw., 507; 12 Wheaton, 392; 49 Maine, 282.

3. That immediate notice of loss was necessary, and that no waiver can be inferred from the pleadings in this case, see 12 Wend., 452; 3 Gill. (Md.,) 176; 11 Mo., 278; 18 Ill., 553; 7 Jones, (N. C.,) 433; 40 Penn. St., 311; 43 N. H., 621.

4. As to failure to make immediate proof of loss, see 10 Peters, 517; 51 Penn. St., 411; 18 Wis., 387; 9 Md., 1; 1 Allen, 297; Ins. Digest, 479.

5. As to the subsequent insurance, and its effect on the policy sued on, see 16 Peters, 495; 12 Cush., 144; 33 N. Y., 9; 17 N. Y., 609; 11 Iowa, 21; 18 Queen's Bench, (Up. Can.,) 529; Ins. Digest, 409, 411.

The opinion of the court was delivered by

BREWER, J.: The plaintiffs brought their action on a policy of fire insurance issued by defendant. Judgment was

entered in favor of the defendant on the pleadings, and of this judgment plaintiffs now complain. Two questions are presented for our consideration. First, Was the action prematurely brought? The policy provided that the loss should "be paid sixty days after due notice and proofs of the same, made by the assured and received at this office." The petition was filed March 10th 1869. The answer alleged that proofs of loss were not received at the company's office until January 26th 1869, less than sixty days prior to the commencement of the suit. The reply admitted this, but averred that subsequently, and on the 19th of February 1869, the defendant, after consulting with its western agent, denied all liability under the policy, and "refused to pay the loss or any part of it on the ground that the circumstances attending the fire were such as to justify their refusal to pay the same," and also requested that suit be brought in Kansas instead of Philadelphia. That a stipulation like the one in question is valid, and that, when the company recognizes or does not deny its liability under the policy for the loss, an action before the expiration of the stipulated time is prematurely brought, is well settled. It is simply a contract for so much credit, and is no more to be questioned than a contract for like credit in the sale of goods. It is equally well settled that the right to notice and proofs of loss is a right which the company may waive, and that when the company denies all liability for the loss, and refuses to pay for the same, and places that denial and refusal upon grounds other than the failure to give notice or to furnish proofs, such denial and refusal avoid the necessity of notice and proofs, and are a waiver of them. *Vas v. Robinson*, 9 Johns., 192; *Thomas v. The Ocean Ins. Co.*, 6 Cow., 404; *McMasters v. The Westchester Co. Mutual Ins. Co.*, 25 Wend., 379; *O'Neal v. The Buffalo Fire Ins. Co.*, 3 Comst., 122; *Peoria M. & F. Ins. Co. v. Whitehill*, 25 Ill., 466; *The President and Directors of the Ins. Co. of N. A. v. McDowell*, 50 Ill., 120; *Schenck v. The Mercer Co. M. & F. Ins. Co.*, 4 Zabr., 447; *Graves v. The Washington M. Ins. Co.*, 12 Allen, 391;

*1. When right of action on policy of insurance has matured.*

*Allyn v. The Maryland Ins. Co.*, 6 Har. & Johns., 408; *Taylor
v. Merchants Fire Ins. Co.*, 9 How., 390. It would seem to
follow that when the company by denial of its liability re-
lieves the assured from the necessity of giving notice and
proofs, it also waives the right to claim sixty days from notice
and proofs for payment. Shall it be permitted to deny all
liability under the contract for the loss, and at the same time
have all the benefits of the stipulations of the contract as to
time and mode of payment? A distinction should perhaps
be noticed to guard against misapprehension. A mere waiver
by the company of one provision of the policy intended for
its benefit is not a waiver of the others. It may for instance
formally waive notice of proofs, and still be entitled to the
sixty days after such waiver for payment. In such case the
waiver stands simply in lieu of the notice and proofs,
and the time begins to run from the waiver. In all this
the company recognizes its ultimate liability for the loss,
and simply relieves the assured from some one or more
of the steps necessary to fix that liability. But a denial
of all liability places the parties in a different attitude.
In effect the company says to the assured, Notwithstanding
you give us notice and furnish proofs, and wait the sixty
days, and comply with all the provisions inserted in the
policy for our benefit, still we shall not recognize your claim,
nor pay for the loss. Why compel a party to do that for the
company, which when done the company wholly disregards?
After having done all, he is no nearer payment than before,
and must still appeal to the courts. Counsel seeks to parallel
this with the case of a promissory note, and asks if, in case
the company had given a note payable in sixty days, an
action thereon in thirty days would not have been premature,
even though the company, subsequently to the execution of
the note, denied all liability thereon. The parallel is not
good. The latter is wholly a unilateral contract, with rights
and liabilities fixed and determined, and without anything
for adjustment, and without occasion for act or waiver by
either party. To change the liability requires a new prom-

ise, not a denial or waiver. The decisions have all been in harmony with the views herein expressed. *Columbia Ins. Co. v. Catlett*, 12 Wheat, 392; *Ætna Ins. Co. v. McGuire*, 51 Ill., 312; *Phillips v. Protection Ins. Co.*, 14 Mo., 220; *Allyn v. Maryland Ins. Co.*, 6 Harris and Johns., 408; *The N. & N. Y. Trans. Co. v. Western Mass. Ins. Co.*, 34 Conn., 561, or 6 Blatchford C. C., 241. Counsel contends that there is a distinction to be drawn between some at least of these cases and the present, in this, that in them the language of the stipulation was "sixty days after proof and adjustment," while in this it is "after due notice and proofs made by the assured and received at this office"—as though the former required mutual action, and the latter only action on the part of the assured. Some of the cases cited are exactly parallel. In the Illinois case the language is, "after the loss shall have been ascertained and proved." In the Missouri case, "after the loss shall have been ascertained and proved, and the proof received at the office." And in the Connecticut case, "after sixty days from notice, and the furnishing of preliminary proofs of loss to the underwriters." But even under the policy in this case there is to be mutuality of action. The proofs are for the purpose of an adjustment. The mere production of these proofs does not determine the amount of the loss. It furnishes a basis for the action of the parties in adjusting this amount as well as the extent of the liability of the company. We conclude then, that the action was not prematurely brought.

Was the liability of the defendant destroyed by the additional insurance taken out on the stock of goods covered by this policy? The policy stipulated that it should be avoided if the assured made any other insurance on the property "without notice to and consent of this company in writing." The answer alleged a subsequent insurance without such notice and consent. The reply admits a subsequent insurance, and then alleges that this policy was originally for $6,000, but was reduced by defendant to $3,000; that at the time of such reduction the

2. Conditions of policy may be waived. What acts constitute waiver.

defendant in consideration thereof requested the assured to take out a policy of $3,000 in the Home Ins. Co.; that in pursuance thereof the assured took out such policy, which was the additional insurance; that the defendant had due notice thereof, and that this policy was delivered to the defendant's agents for the purpose of having this consent indorsed in writing, and the assured being ignorant of the mode of transacting such business relied wholly upon defendant and its agents to have the business correctly done; and that the defendant and its agents, contriving and intending to cheat and defraud the assured, negligently and fraudulently omitted to indorse the consent in writing.    Upon these facts was the policy rendered null and void?    It will be noticed that the reply alleges notice, and that the additional insurance was at the request, which implies the consent, of the defendant; so that to this extent the requirements of the policy were complied with.  The only thing lacking is the written evidence of the consent.    The clause requiring consent in writing is a condition for the benefit of the insurer.    Like any other condition of a contract it may be waived by the party in whose favor it exists.    By what kind of testimony such waiver must be proved, is a question we need not consider. Certain facts are alleged, and for the purpose of the case, as it now stands before us, must be taken as proved and true. Do these facts amount to a waiver? or perhaps more correctly, is the insurance company estopped by its conduct from insisting on a breach of this condition as a ground of forfeiture?  The defendant reduced its policy from $6,000 to $3,000, and requested the insured to take out a policy of $3,000 in a particular company; and when in obedience to this request he had taken out such policy, intending to cheat and defraud him, fraudulently omitted to indorse its consent in writing upon the policy when presented for that purpose. The question of the power of an agent does not come in here, for though some of the acts are alleged to have been done by and through an agent, yet the acts are all charged to have been the acts of the defendant.    The case stands as

though the transactions were wholly between two individual principals. The company, when it requested the insured to take out the additional insurance, placed itself under obligations to give its consent in writing, and to do all other acts which might be necessary to prevent such additional insurance from injuriously affecting the rights of the insured in its own policy. It could not subject him to the labor, annoyance, and expense of taking out a new policy, and then refusing its consent insist that its policy was avoided, and the premium forfeited. The law will not tolerate such unconscionable dealing; and that which it cannot do directly, by refusal, it cannot do indirectly by fraud. Upon this question therefore we hold against the defendant.

These being the only questions presented for our consideration we shall be compelled to order a reversal of the judgment of the district court, and remand the case for further proceedings. It is perhaps fitting to say that there is another question upon which counsel informs us the decision of the district court was placed, but which somehow does not appear in the record as it comes to us. Of course, therefore, it would be improper for us to express any opinion concerning it. The judgment will be reversed.

All the Justices concurring.