CALIFORNIA INS. CO. v. GRACEY.

1. WAIVER BY INSURANCE COMPANY OF CONDITION IN POLICY.— A condition in a fire policy that a loss shall be paid "sixty days after due notice and proof of the same, made by the assured, are received at the office of the company," is waived by an absolute denial on the part of the company of any liability, and the assured need not wait sixty days before suing therefor.

2. WHEN NOTICE OF LIMITATION OF POWERS OF INSURANCE AGENTS NECESSARY.— The powers of insurance agents may be limited by the companies, but parties dealing with them as to matters within the

real or apparent scope of their agency are not affected by such limitations unless they have notice of the same.

3. INSURANCE COMPANIES ESTOPPED BY ACTS AND STATEMENTS OF THEIR AGENTS WITHIN THE APPARENT SCOPE OF THEIR AUTHORITY.— Where a special agent and adjuster of an insurance company, pending negotiations after loss, confers with assured and her attorney concerning the proofs thereof, and employs an attorney to assist in the investigation of the loss, and seeks to secure a cancellation of her claim on the repayment of the premium, and, without informing her of the existence of any limitation on his authority to bind his principal, positively refuses to pay the claim, the company will be estopped to deny the agent's authority to bind it.

4. PLEADING — AN AMENDMENT TO A COMPLAINT MAY NOT STATE A NEW CAUSE OF ACTION.— Where a complaint is defective in failing. to allege a waiver of a condition in a policy that the loss should not be payable until sixty days after proof thereof, an amendment curing that defect does not state a new cause of action.

5. A VERDICT SUPPORTED BY A CLEAR PREPONDERANCE OF EVIDENCE SHOULD STAND.— A verdict, so far as it amounts to a finding upon a fact in dispute, will not be disturbed, as unsupported by evidence, where it appears that four witnesses testified to the fact, and two only denied it.

*Appeal from District Court of Arapahoe County.*

MRS. GRACEY, appellee, entered into a contract of insurance with the California Insurance Company, appellant, covering furniture and other personal property belonging to and used by her in keeping a boarding house in the city of Denver. The building, together with the personal property insured, were afterwards destroyed by fire. Notice of the loss was duly given to appellant, and proof thereof was attempted to be made. Neither the amount claimed, nor any part thereof, was paid, and the present suit was instituted to collect the same.

Mr. J. W. HORNER, for appellant.

Mr. O. E. LE FEVRE, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

It is stated by counsel for appellant that the question for adjudication in this court is, Was the suit prematurely

brought? The contract of insurance provides that the sum due, in case of loss, shall be "paid sixty days after due notice and proof of the same, made by the assured, is received at the office of this company." By the pleadings and briefs it is admitted that in the present case the sixty days thus provided for after proof of loss did not elapse before the suit was brought.

But the amended complaint and the replication contain averments intended to show that appellant, by its conduct, waived the right to insist upon compliance with this condition of the contract. It is therein asserted that appellant, through its agent, denied all liability, and positively refused to make payment, declaring that appellee would have to bring her suit therefor. The position is strenuously relied on that, in view of this fact, appellee was not bound to wait the sixty days, or any other particular length of time, before instituting her suit. In response it is asserted: *First*, that the agent did not positively and° absolutely refuse payment of the claim, or tell appellee that she would have to bring suit therefor; *second*, that the agent was wholly without any authority to bind the company by such declarations, even if made; and *third*, that, as a matter of law, such a refusal by the company itself would not entitle appellee to sue before the expiration of the sixty days. These positions will be considered, though not in the strict order of their statement.

We must hold that the averments of the complaint and replication in this regard are fairly sustained by the proofs. The weight of evidence is decidedly against appellant. Four witnesses besides appellee testify that Pratt, the agent alluded to, made the assertions substantially as averred; that he said, in substance, the company would not pay the loss, because appellee had designedly burned the property, and, if she wished compensation, she must institute her suit; while but two witnesses (Pratt himself, and Horner, the attorney employed to assist Pratt) deny the making of such statements. The verdict, in so far as it rests upon this conclusion of fact, cannot be disturbed.

The stipulation in the policy allowing sixty days for payment of the claim is valid, and therefore binding. Unless waived, a suit brought within that time must be abated. But this provision is purely a matter of contract between the parties. It is not even, as in Iowa and Ohio, made a statutory right. Being a matter of contract alone, and for appellant's benefit, undoubtedly appellant could waive it. By an unqualified denial of liability, and refusal to pay the indemnity provided for, especially when, as in the present case, the refusal is predicated upon the ground that the assured has, by criminal conduct, forfeited all right thereto, such waiver, in our judgment, takes place. The object of the provision is twofold: *First*, to enable the company to investigate the causes of loss, and verify the proofs thereof submitted; and *second*, to give the company opportunity for making financial arrangements to discharge its obligation. The denial of liability, and absolute refusal, imply satisfaction with the investigations already made, and information already obtained, while, since payment is in no event to be made, preparation therefor becomes a matter of no importance whatever. We shall not prolong this discussion by pointing out objections to the supposed analogy in law and fact sometimes referred to between the denial of liability under consideration, and the premature refusal to pay a promissory note, the same not being due. It would be unreasonable, to say the least, for us to hold that, under such circumstances as are here presented, the assured is nevertheless bound by the clause in question, and must wait the expiration of the sixty days before commencing suit. Such is not the law. *Insurance Co. v. Maguire*, 51 Ill. 342; *Cobb v. Insurance Co.* 11 Kan. 93.

Insurance policies uniformly contain the provision that the assured shall, in accordance with certain prescribed regulations, give notice and make proof of loss. It is universally held, we believe, that the absolute refusal of a company to pay the loss in any event constitutes a waiver of the right to insist upon compliance with such provisions.

*Insurance Co. v. Manning*, 3 Colo. 224; *Insurance Co. v. Smith*, id. 422, and cases cited; *Cobb v. Insurance Co., supra*, and cases cited. If the company may thus waive notice and proof of loss altogether, it would be absurd to say that, nevertheless, suit cannot be brought until the expiration of sixty days after such notice and proof have been received at its office. The rule of waiver as to notice and proof would in such case be a mockery, because the assured could not institute legal proceedings until sixty days after he had given the notice and furnished the proof, though both had been previously waived.

But, as already stated, appellant insists that in this respect the act of Pratt was not the act of the company; that his declarations were made without authority, and therefore the company was not bound thereby.

According to the testimony of Pratt himself, and of Bromwell, president of the company, Pratt was at the time of these negotiations *a special agent and adjuster of losses* for appellant; but it was his duty, under verbal instructions, to report in all cases the result of his investigations to the company; and he could not upon his own responsibility promise or refuse payment of losses claimed to have been suffered. This testimony is not contradicted; and hence it may be assumed as proven that, under his private verbal instructions, Pratt did not have authority to make the declarations upon which appellee relies.

The matter, therefore, for present consideration is narrowed to the question, Is the company estopped from setting up and relying as a defense upon this want of authority on the part of its agent?

Pratt was the company's accredited representative in all matters connected with the adjustment of losses. He investigated the causes of loss, advised with the assured concerning proofs thereof, determined, if he chose so to do, the amount of loss, and assisted to a greater or less extent in the settlement. Unless he saw fit to so expressly state, there was nothing to indicate his want of authority to agree

or decline, in behalf of the company, to pay the loss.   In the present case, he conferred with appellee and her attorney in relation to the proofs, and to the payment of the amount called for by the policy.   It would seem that he employed an attorney on behalf of the company to assist him in conducting the investigation and accompanying negotiations.   Together with his attorney he interviewed appellee, and proposed that she cancel her claim against the company under the policy upon reimbursement of the premium paid by her.   As a foundation for that proposition, he and the attorney assured her that they had strong evidence against her of the crime of arson in connection with the fire,— a charge unsupported by proofs at the trial.   They did not notify her or her attorney of any limitation whatever upon Pratt's authority in the premises.   According to the preponderance of evidence, nothing was said about referring the question of payment to the company.   On the contrary, Pratt, speaking, as he supposed, for the company, positively refused to pay her any of the indemnity provided for in the policy.   The declarations in question were made directly in connection with the business he was authorized to transact, and to all appearances were fairly within the scope of his agency.

Is it possible that appellee's recovery in this matter is to be controlled by the secret, verbal limitation upon Pratt's authority, of which she had no notice or knowledge?   If this be true, then such companies may avoid just liability in many cases by giving their agents secret instructions that are inconsistent with the apparent power and authority vested in and exercised by them.   We are of the opinion that, under the circumstances of the present case, the company should not be permitted to deny responsibility for the acts and declarations in question.

" When an insurance company has appointed an agent, known and recognized as such, and he, by his acts, known and acquiesced in by them, induces the public to believe he is vested with all the power and authority necessary for

him to do the act, and nothing to the contrary is shown or pretended at the time of doing the act, public policy and the safety of the people demand the company should be liable for such of his acts as appear on their face to be usual and proper in and about the business in which the agent is engaged." *Insurance Co. v. Maguire, supra; Insurance Co. v. Fahrenkrug*, 68 Ill. 463. The power of insurance agents "may be limited by the companies, but parties dealing with them as to matters within the real or apparent scope of their agency are not affected by such limitations unless they have notice of the same." *Rivara v. Insurance Co.* 62 Miss. 720.

The amended complaint was defective because it showed suit begun within less than sixty days after proof of loss, but did not aver matters constituting a waiver of the sixty-day provision of the contract. The second amended complaint cured that defect. This was not pleading a new cause of action as contended by appellant. It was perfecting the statement of the original cause of action by the addition of essential averments. The cause of action remained the same, viz., an action at law upon the contract of insurance to recover the sum claimed by virtue of its provisions.

It is unnecessary for us to consume time discussing the objections to the charge. It was in harmony with the law as above stated, and was in some respects even more liberal to appellant than the law required. The judgment is affirmed.

*Affirmed.*