(November 24, 1906.)

GEORGE L. ALLEN et al., Appellants, v. PHOENIX ASSURANCE COMPANY, Respondent.

[88 Pac. 245.]

FIRE INSURANCE—APPLICATION FOR INSURANCE—PROOF OF LOSS—WAIVER—SOLE OWNER IN FEE SIMPLE—ASSIGNMENT OF POLICY.

1. Where the insurer relies on a condition subsequent incorporated in a policy of insurance to defeat the right of the insured to recover after loss, the insurer must specially plead such condition and breach thereof, and the plaintiff in an action to recover

on the policy has a right to introduce evidence to rebut any proof of breach of condition so pleaded, or to show a waiver of the condition of the insurer.

2. Where the plaintiff in an action on an insurance policy makes a *prima facie* case establishing the fact of issuance and delivery of the policy and the payment of the premium thereon, the loss through and on account of the cause insured against, and the furnishing of notice and proofs to the insurer as required by the policy or the waiver thereof on the part of the insurance company, the case should go to the jury, and it is error for the trial court to grant a nonsuit.

3. Where an insurance company has sent its agent and adjuster to the place where the loss occurred to take the proofs and adjust the loss, and after examination and investigation by such adjuster he informs the insured that his company cannot, and will not, pay the loss, and places the refusal to do so on the grounds that the policy has been assigned and urges no other ground of objection whatever, and informs the insured that he has nothing further to do with the matter, and that they will have to deal directly with the company, and the company, on the other hand, through its home office, informs and advises the insured that the matter is still in the hands of their adjuster, who visited the premises, and the adjuster thereafter refuses to further negotiate or deal with the insured looking to an adjustment of the loss, such facts establish a sufficient *prima facie* case of waiver of proofs to entitle the same to go to the jury.

4. Where an insurance policy contains a clause providing that the policy shall be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple," and it is shown that the property insured was situated upon a government homestead owned and claimed by the insured in which the legal title remained in the United States government, and on which final proof was not made until after the loss by fire. *Held,* that there was not such a failure of title as to defeat the right of recovery under this stipulation as to ownership.

5. ID.—In such a case the sole and entire burden of the loss, in case of loss, falls upon the insured (the homesteader), and the government has no interest in the property destroyed, and suffers no loss on account thereof.

6. Where it is shown that the insured truthfully and correctly stated the nature and condition of his title in making his application for insurance, he will not be precluded from recovering in case of loss on account of a contrary statement as to title inserted in the policy by the underwriter.

7. Assignment or hypothecation of a policy of fire insurance of the face value of $2,000 to a creditor, as collateral security for an extension of time on a debt of $300, does not constitute or amount to an assignment of the policy in violation of the stipulation contained therein to the effect that the policy shall be void if ''assigned before loss.''

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action by plaintiffs to recover upon a policy of fire insurance.   Plaintiffs introduced their evidence and rested their case, whereupon the court granted a nonsuit on motion of defendant.   Plaintiffs appeal from the judgment and from an order denying a motion for a new trial.   *Reversed.*

Daniel Needham, for Appellants.

The facts as alleged in plaintiff's amended complaint and established by the evidence makes a strong *prima facie* case, and should have been submitted to the jury.   (*Black v. City of Lewiston*, 2 Idaho, 276, 13 Pac. 80; *Kroetch v. Empire Mill Co.*, 9 Idaho, 277, 74 Pac. 868; *Idaho Milling Co. v. Kalanquin*, 7 Idaho, 295, 62 Pac. 925; *Kansteiner v. Clyne*, 5 Idaho, 59, 46 Pac. 1019; *Pearlstine v. Westchester Fire Ins. Co.*, 70 S. C. 75, 49 S. E. 4, and cases cited.)

Every ground set forth in defendant's motion for nonsuit is matter of defense, and plaintiffs were not called upon to meet the said separate defenses until they were proved, at least *prima facie*.   (*Wallingford v. Columbia & G. R. Co.*, 26 S. C. 258, 2 S. E. 19.)

Upon a motion for nonsuit, everything will be deemed to be proved which the evidence tends to prove.   (*Nord v. Boston & M. Con. Copper & Silver Min. Co.*, 30 Mont. 48, 75 Pac. 681; *State v. Benton*, 13 Mont. 306, 34 Pac. 301; *Later v. Haywood, ante*, p. 78, 85 Pac. 494.)

The evidence was sufficient to entitle the plaintiffs to a submission of the issues to the jury.   (*Nute v. Hartford Fire Ins. Co.*, 109 Mo. App. 585, 83 S. W. 83.)

Waiver is a question of fact to be determined by the jury. (*Exchange Bank v. Thuringia Ins. Co.*, 109 Mo. App. 654, 83 S. W. 534; *Ehrlich v. Aetna Life Ins Co.*, 88 Mo. 249; *Okey v. State Ins. Co.*, 29 Mo. App. 105; *Stiepel v. German etc. Ins. Co.*, 55 Mo. App. 224.)

We cite further on question of waiver the following: *McBride and Other v. Republic Fire Ins. Co.*, 30 Wis. 562; *Bellevue Roller Mills Co. v. London & L. Fire Ins. Co.*. 4 Idaho, 307, 39 Pac. 196; *Miner v. Phoenix Ins. Co.*, 27 Wis. 693, 9 Am. Rep. 479; *Campbell v. American Fire Ins. Co.*, 73 Wis. 100-110, 40 N. W. 661; *Harriman v. Queen Ins. Co.*, 49 Wis. 71; *Lansing v. Commercial Union Assur. Co.*, 4 Neb. (Unofficial), 140, 93 N. W. 756; *King v. Hekla Fire Ins. Co.*, 58 Wis. 508, 17 N. W. 297; *Faust v. American Fire Ins. Co.*, 91 Wis. 158, 51 Am. St. Rep. 876, 64 N. W. 883, 30 L. R. A. 703.

The fact that the real estate was a homestead entry and final proof had not yet been made would not defeat the recovery of insurance on property situate thereon, provided the assured had an insurable interest therein. (*Smith v. Phoenix Ins. Co.*, 91 Cal. 323, 25 Am. St. Rep. 191, 27 Pac. 738, 13 L. R. A. 475; *Grange Mill Co. v. Western Assur. Co.*, 118 Ill. 396, 9 N. E. 274; *Davis v. Phoenix Ins. Co.*, 111 Cal. 409, 43 Pac. 1115; *German Ins. Co. v. Gueck*, 130 Ill. 345, 23 N. E. 112, 6 L. R. A. 835; *Kenton Ins. Co. v. Wiggington*, 89 Ky. 330, 12 S. W. 668, 7 L. R. A. 81.)

If furnishing proofs of loss was material, after company denied all liability on other grounds, receiving such proofs and not returning same or objecting thereto is a waiver of that condition. (*Commercial Union Assur. Co. v. Hocking*, 6 Cent. Rep. 915, 115 Pa. St. 407, 2 Am. St. Rep. 562, 8 Atl. 589; *Martison v. North British & M. Ins. Co.*, 64 Mich. 372, 31 N. W. 291; *German Fire Ins. Co. v. Grunert*, 112 Ill. 69; *Titus v. Glens Falls Fire Ins. Co.*, 81 N. Y. 419; *Gans v. St. Paul F. & M. Ins. Co.*, 43 Wis. 109, 28 Am. Rep. 535; *Farnum v. Phoenix Ins. Co.*, 83 Cal. 246, 17 Am. St. Rep. 233, 23 Pac. 869; *Long Island Ins. Co. v. Great Western Mfg. Co.*, 2 Kan. App. 377, 42 Pac. 739; *Breedlove v. Norwich Union Fire Ins. Soc.*, 124 Cal. 164, 56 Pac. 770-772.)

Plaintiffs have never parted with title to said policy, but have always been the owners thereof.

The defendant cannot avoid liability under said policy on account of the indorsement thereon. (*Carroll v. Boston Marine Ins. Co.*, 8 Mass. 515; *Insurance Co. of Pennsylvania v. Phoenix Ins. Co.*, 71 Pa. St. 31; *Bidend v. L. & L. P. & L. Ins. Co.*, 30 Cal. 76; *True v. Manhattan Fire Ins. Co.*, 26 Fed. 83; *Ellis v. Kreutzinger*, 27 Mo. 311, 72 Am. Dec. 270; *Wakefield v. Martin*, 3 Mass. 558.)

James E. Babb, for Respondent.

The plaintiff proved the execution of the contract, and the defendant's cross-examination was germane in so far as it elicited circumstances to show that the contract never took effect. (*Austin v. Mutual Reserve Fund Assn.*, 132 Fed. 555; *Wilcox v. Continental etc. Ins. Co.*, 85 Wis. 193, 55 N. W. 188.)

A nonsuit was properly granted because the evidence showed that the plaintiffs had not either a sole nor an unconditional title, nor a fee simple title to the ground upon which the building stood. Plaintiffs had not, nor either of them, the legal title, nor had they any equitable title. (*In re Millers' & Manufacturers' Ins. Co.* (Minn.), 106 N. W. 485; *Waller v. Northern Assur. Co.*, 10 Fed. 232, 2 McCrary, 637; *Barnard v. National Fire Ins. Co. of Hartford*, 27 Mo. App. 26; *American Ins. Co. v. Barnett*, 73 Mo. 364, 39 Am. Rep. 517; *Clay Fire & Marine Ins. Co. v. Manufacturers' Co.*, 31 Mich. 346; *Aetna Ins. Co. v. Holcomb*, 89 Tex. 404, 34 S. W. 915; *Wilcox v. Continental Ins. Co.*, 85 Wis. 193, 55 N. W. 188; *Fox v. Queen Ins. Co.*, 124 Ga. 948, 53 S. E. 271.)

Plaintiff had no cause of action because of the chattel mortgage upon part of the insured property at the time of the issuance of the policy. This proposition depends for its force upon the condition of the policy providing that if such mortgage exist, without the consent indorsed upon the policy, the policy shall be void in its inception. (13 Am. & Eng. Ency. of Law, 2d ed., 258.)

Under the provisions in this policy, information given to any agent of conditions of the title, or existence of a mortgage, would not save the policy from invalidity in the absence of an indorsement of the company's consent in writing upon the policy, in accordance with the terms thereof. (*Northern Assur. Co. v. Grandview Bldg. Assn.*, 183 U. S. 308, 46 L. ed. 213, 22 Sup. Ct. Rep. 132; *Deming Inv. Co. v. Shawnee Fire Ins. Co.*, 16 Okla. 1, 83 Pac. 918; *Pennsylvania Cas. Co. v. Bacon*, 133 Fed. 907, 67 C. C. A. 497.)

The assignment of the policy to John P. Vollmer was made to him absolutely and not by way of security, so far as appears from the language of the assignment, and it became necessary upon the assignment to him, nothing to the contrary being expressed in writing attached to the policy, that his interest should be a sole and unconditional title and fee simple title as to the real property. If the purpose were that his title should be that of mortgagee only, it should have been expressed in writing attached to the policy. (*Home Ins. Co. v. Allen*, 93 Ky. 270, 19 S. W. 743; *Wall v. Com. Ins. Co.*, 2 Wkly. Law Bul. (Ohio) 113; *Wall v. Amazon Ins. Co.*, 2 Wkly. Law Bul. 333, 7 Ohio Dec. 408; *Phoenix Ins. Co. v. Willis*, 70 Tex. 12, 8 Am. St. Rep. 566, 6 S. W. 825.)

The adjuster has no authority to waive the making of proofs of loss. (*Searle v. Dwelling-house Ins. Co.*, 152 Mass. 263, 25 N. E. 290; *Graves v. Merchants' Bankers' Trust Co.*, 82 Iowa, 637, 31 Am. St. Rep. 507, 49 N. W. 65; *Emanuel v. Maryland Casualty Co.*, 47 Misc. Rep. 378, 94 N. Y. Supp. 36.)

The sending of an adjuster to adjust the loss and an examination by him of the nature of the loss, and even of the parties upon oath, does not constitute a waiver of proofs of loss. The company has a right to make these examinations and investigations, and by express provision of this policy it is declared that such investigations and examinations shall not constitute a waiver. (*Holbrook v. Beloise T. Ins. Co.*, 117 Cal. 561, 49 Pac. 555; *Willoughby v. St. Paul Grain Ins. Co.*, 68 Minn. 373, 71 N. W. 272; *Phoenix Ins. Co. v.*

*Carnahan,* 63 Ohio, 258, 58 N. E. 805; *Phoenix Ins. Co. v. Flemming,* 65 Ark. 54, 67 Am. St. Rep. 900, 44 S. W. 464, 34 L. R. A. 789; 13 Am. & Eng. Ency. of Law, 349; *Donough v. Farmers' F. Ins. Co.,* 104 Mich. 503, 62 N. W. 721; *Walsh v. Des Moines Ins. Co.,* 77 Iowa, 376, 42 N. W. 324; *Harrison v. Hartford F. Ins. Co.,* 59 Fed. 732; *Young v. St. P. F. & M. Ins. Co.,* 68 S. C. 387, 47 S. E. 681; *Missouri Pac. Ry. Co. v. Western Assur. Co.,* 129 Fed. 610; *Kirkman v. Farmers' Ins. Co.,* 90 Iowa, 457, 48 Am. St. Rep. 454, 57 N. W. 952; *German Ins. Co. v. Davis,* 40 Neb. 700, 59 N. W. 698; *Lycoming County Ins. Co. v. Updegraff,* 40 Pa. St. 311.)

AILSHIE, J.—This case was taken from the jury on a motion for nonsuit on the submission of the plaintiffs' case. The appeal is from the judgment and from an order denying a new trial. The action was commenced for the recovery of the amount of loss sustained by the plaintiffs under a fire insurance policy issued by the defendant on certain of plaintiffs' property. On the trial the plaintiffs proved the issuance of the policy and introduced the same in evidence, and the payment of the premium thereunder and the loss of the property. Plaintiffs had alleged in their complaint a waiver by the defendant of the formal written proofs and inventory of loss as provided for and required in the policy. On the trial they proved that immediately after the fire they called up the defendant's local agent and notified him of the loss, and that soon thereafter defendant sent its adjuster, J. H. McKowan, from Spokane, Washington, to examine the conditions and adjust the loss. The adjuster went to the premises, questioned and examined the parties insured, and took some memoranda of the property lost and the dimensions and conditions of the building, and it seems that there was no difference between them as to the amount of the loss except as to the extent of damage done to an engine and boiler. When the adjuster got ready to leave the premises he demanded of the insured the policy, whereupon they informed him that it was in the office of John P. Vollmer at Lewiston. He inquired the reasons why it was there, and they informed

him that they had been owing Mr. Vollmer $300 for some time, and when the same became due they were unable to pay it, and that they went to see Mr. Vollmer and asked him to give them an extension of about six weeks, and that they gave him the policy as collateral security. Upon delivering the policy to Mr. Vollmer they indorsed their written assignment to him. It is alleged by the complaint that at the time of making this assignment it was understood and agreed between them and Mr. Vollmer that he should submit the assignment to the agent of the insurance company for the company's approval. Proof of this allegation does not appear from the evidence, and there seems to have arisen some controversy on the trial as to the admissibility of the evidence tending to show the transaction between the plaintiffs and Mr. Vollmer, and the court refused to allow plaintiffs to testify that they were the owners in fact and that they had been all the time the owners of the policy. Upon learning that the policy was in the possession of Mr. Vollmer, the adjuster seems to have assumed an air of independence, and informed the plaintiffs that he would have no further business with them. They requested him, however, to meet them the following day at Lewiston. They went to Lewiston the next day and Mr. Vollmer delivered them the policy. In the meanwhile the adjuster had been to Mr. Vollmer's, and seems to have examined the policy and also the assignment thereon, and when they saw him he told them he had seen the policy and found that they had assigned it, and that they had no further claim on it and that he could not pay them anything. He also told them as he was leaving the city, that since they had put their matter in the hands of an attorney he had no further business with it, and that they would have to settle with the company; and he appears to have also made further remarks to them with a view, apparently, of getting them to submit some offer of compromise. The plaintiffs' attorney seems to have thereafter written the head office in New York City concerning the matter, and in reply thereto received two letters from the office in San Francisco informing him that the

matter was still in the hands of their agent and adjuster, Mr. McKowan, of Spokane, and that they had written him on the subject of this loss. This is the substance of the evidence produced by the plaintiffs. The defendant had denied the material allegations of the complaint, admitting the issuance of the policy, but denying that it ever went into force or effect or became a valid policy of insurance, and as a defense to the action set up some nine separate defenses, in each of which it was alleged that the insured had violated some clause, provision or restriction contained in the policy, and that as a consequence of such violation the policy had lapsed and the defendant was relieved from liability for the loss.

On cross-examination of plaintiffs' witnesses by defendant's counsel, evidence was brought out which showed, or at least tended to show, that at the time of the issuance of the policy and thenceforth until the loss by fire, the property insured was situated on a homestead claim owned by one of the plaintiffs, the title to which was at all times in the United States government, and that final proof was not made until in the summer after the fire. This, it is claimed, avoided liability by the insurer under the following clause contained in the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void .... if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if the subject of insurance be personal property and be or become encumbered by chattel mortgage, .... or if this policy be assigned before loss."

The plaintiffs made a sufficient case to go to the jury, and whatever evidence was disclosed to defeat plaintiffs' right of recovery or avoid the liability of the insurer was brought out on the cross-examination, and without considering or passing upon the proposition as to whether or not this was proper cross-examination, it is nevertheles true that all the evidence brought out on cross-examination was matter in support of

the separate defenses pleaded by the company. All of these matters were of such a nature and character that they might have been waived by the company, and the plaintiffs were entitled to the opportunity of offering evidence in rebuttal thereof, or tending to show a waiver of the conditions and obligations pleaded as defenses. (*Pearlstine v. Westchester Fire Ins. Co.,* 70 S. C. 75, 49 S. E. 4, and cases cited.) On the other hand, it would be a somewhat novel practice to require a plaintiff, in making his case in chief, to rebut evidence brought out by the defendant on cross-examination which tended to support the separate defenses. The defendant recognized in this case what we conceive to be the correct rule of practice in preparing and filing its answer; namely, that where the insurer relies for its defense upon breach of condition enumerated in the policy, it must plead the condition, and its violation in defense of the action. (*American Cent. Ins. Co. v. Murphy* (Tex. Civ. App.), 61 S. W. 956; 19 Cyc. 926.) This is especially true of all conditions subsequent. On the other hand. the plaintiff must prove conditions precedent. (11 Ency. of Pl. & Pr. 422, 423.) In this case the plaintiffs had alleged a waiver of proofs of loss, and we think the evidence in support of that allegation was sufficient to entitle them to go to the jury. The defendant's adjuster went upon the grounds, and examined the conditions and made notes and took memoranda and questioned the insured, and finally left them by telling them that he could not pay them anything, and placed the refusal to pay solely upon the ground that they had assigned the policy. When plaintiffs' attorney wrote to the home office, he received notice from them that the matter was still in the hands of their adjuster. The adjuster, on the other hand, appears to have declined to further communicate or deal with them in any respect whatever. While the contract does not make it the duty of the insurer to furnish the insured with blanks for making proof of loss, it is nevertheless the uniform practice of insurance companies to do so, and yet neither the adjuster nor the company appear to have ever furnished the insured with

any blanks for making proof of loss. It is true that this fact is not a matter that would constitute a waiver, yet it is a circumstance taken in connection with the action, conduct and statements of the adjuster as well as the home office of the company, that bears upon the apparent aims and purposes of the company. The insurer must be fair, and when relying on printed restrictions among the numerous limitations found in its policies must not so act with reference to one restriction as to mislead the insured as to its attitude or reliance on another. The evidence submitted by plaintiffs was sufficient to make a *prima facie* case of waiver of proofs of loss and to take the case to the jury. As touching the general principle, see *Searle v. Dwelling-house Ins. Co.,* 152 Mass. 263, 25 N. E. 290; *California Ins. Co. v. Gracey,* 15 Colo. 70, 22 Am. St. Rep. 276, 24 Pac. 577; *Cobb v. Insurance Co.,* 11 Kan. 93; *Exchange Bank of Webb City v. Thuringia Ins. Co.,* 109 Mo. App. 654, 83 S. W. 534; 13 Am. & Eng. Ency. of Law, 2d ed., 344. In *Farnum v. Insurance Co.,* 83 Cal. 246, 17 Am. St. Rep. 233, 23 Pac. 874, the supreme court of California, in discussing waiver by insurer, said: "It is well settled by a long line of authorities that the denial of all liability upon other grounds is a waiver even of the condition requiring proofs of loss," and in support of this statement that court cites the following authorities: *Continental Ins. Co. v. Buckman,* 127 Ill. 364, 11 Am. St. Rep. 121, 20 N. E. 77; *Phoenix Ins. Co. v. Spiers,* 87 Ky. 259, 8 S. W. 453; *Norwich etc. Transp. Co. v. Western etc. Ins. Co.,* 34 Conn. 561, Fed. Cas. No. 10,363; *McBride v. Insurance Co.,* 30 Wis. 562; *Donahue v. Insurance Co.,* 56 Vt. 382; *Lebanon Mut. Ins. Co. v. Erb,* 112 Pa. St. 149, 4 Atl. 8; *Zielke v. Assurance Corp.,* 64 Wis. 442, 25 N. W. 436; *O'Brien v. Insurance Co.,* 52 Mich. 131, 17 N. W. 726; *Ball etc. Wagon Co. v. Aurora etc. Ins. Co.,* 20 Fed. 232; *Carroll v. Insurance Co.,* 72 Cal. 297, 13 Pac. 863.

It was held to the same effect in *Cobb v. Insurance Co., supra.* Respondent contends, however, that since the evidence of plaintiffs themselves shows that the property insured

was situated upon a government homestead, the title to which was in the United States, they have shown a breach of the conditions as to the title, and that plaintiffs were not entitled to recover. Now, in the first place, if this is held to be such a failure of title as to defeat the recovery, the plaintiffs would still be entitled to recover if that failure were not specially pleaded by the defendants and relied on as a defense; and since it must be pleaded as a defense, it is deemed denied under section 4217, Revised Statutes. Plaintiffs would therefore be entitled to the opportunity to rebut any evidence tending to establish such a defense or to show that the insurer had waived the condition, or was estopped from relying thereon. We do not think, however, that the fact of this property being situated on a government homestead, the legal title to which still rests in the government, is a failure of title such as contemplated by the stipulation in the policy relied on by the insurer. The purpose of the insurer inserting such a stipulation in the contract is to enable it to ascertain who is the real owner of the property and on whom the loss would fall in case of destruction of the property. Here no other person, either individual or corporate, has any interest whatever in the real estate. The plaintiffs had located and filed upon the property in compliance with the law, and had apparently taken all the steps necessary to acquire the legal title from the United States. The destruction of the property was no loss to the government. The sole and entire loss fell upon the insured (the homesteader). This clause is found in the policies of most companies, and has been employed by insurance companies for many years. We have examined a great many authorities wherein the courts have considered the purpose and effect of this clause requiring unconditional or fee simple title in the insured, and while insurance companies have been writing policies on property situated on government homesteads for nearly half a century, still our attention has not been called to a single case where an insurer has successfully pleaded such condition as constituting a breach of contract so as to defeat the recovery of the

loss insured against. We have examined, however, several cases which by analogy and parity of reasoning sustain us in the view here expressed. (*Phoenix Ins. Co. v. Bawdre,* 67 Miss. 620, 19 Am. St. Rep. 326, 7 South. 596; *Smith v. Phoenix Ins. Co.,* 91 Cal. 323, 25 Am. St. Rep. 191, 27 Pac. 738, 13 L. R. A. 475; *Capital City Ins. Co. v. Caldwell Bros.,* 95 Ala. 79, 10 South. 355; 13 Am. & Eng. Ency. of Law, 2d ed., 231-233.)

In this case it does not definitely appear whether the insured made a written application for insurance or simply had a parol understanding with the agent who solicited the risk, If the title disclosed were held to be short of the requirement contained in the policy, still it would not defeat the right of recovery, if it could be shown that the insured, by their written application, truly and correctly represented the state and condition of the title to this property. In such case the insurer could not insert a contrary provision in the policy with knowledge of the true condition of the title, and thereby bind the insured and defeat his right of recovery in case of loss. (*Nute v. Hartford Fire Ins. Co.,* 109 Mo. App. 585, 83 S. W. 83; *Syndicate Ins. Co. v. Bohn,* 65 Fed. 165, 12 C. C. A. 531, 27 L. R. A. 614; *In re Millers' & Manufacturers' Ins. Co.* (Minn.), 106 N. W. 492; *Davis v. Phoenix Ins. Co.,* 111 Cal. 409, 43 Pac. 1115; *Germania Fire Ins. Co. v. Hick,* 125 Ill. 361, 17 N. E. 792.)

It is contended by the respondent that the insured had assigned their policy in violation of the stipulation therein against assignment, and that for that reason they could not recover. Upon the trial the plaintiffs were in possession of the policy and produced it in evidence. The possession of the policy by the party named therein as the insured is of itself *prima facie* evidence of ownership. Being the parties insured, and being in possession of the policy, they had a right to introduce any evidence they had, either written or parol, tending to explain the written assignment contained on the back of the policy, and to show that they were in fact the real owners of the policy, and had always been such. The

evidence they were permitted to introduce tended to show that they had never ceased to be the real owners of the policy, and that the only interest of the assignee therein named was merely such an interest as the holder of collateral security acquires in the thing given as security—a mere equity. The legal title remained in the insured. This would not constitute an assignment in violation of the stipulation contained in the policy. (*Ellis v. Kreutzinger,* 27 Mo. 311, 72 Am. Dec. 270; *True v. Manhattan Fire Ins. Co.,* 26 Fed. 83; 19 Cyc. 637; *Griffey v. New York Cent. Ins. Co.,* 100 N. Y. 417, 52 Am. Rep. 202, 3 N. E. 309; 2 May on Insurance, sec. 379.)

There was disclosed on cross-examination some evidence tending to show that a part of the personal property covered by the insurance had been mortgaged prior to the application for insurance. The evidence, however, on this point is too vague, uncertain and indefinite to enable us to consider or discuss it. The plaintiffs will have a right to meet and rebut such evidence, and that after they have heard the defendant's case. It is enough to say that it was not sufficient to defeat the plaintiffs' right of recovery or to take the case from the jury. Upon that issue, when the defendant attempts to establish it, will arise the nature and character of the statements or representations made by the insured at the time of their application for insurance, and the character and extent of knowledge the insurers obtained on the subject prior to writing the policy; also the question of the character of the lien or encumbrance, and the validity and effect thereof, and kindred subjects which have been discussed in many cases bearing on that phase of the insurance law. (*Allensina v. London & L. & G. Ins. Co.,* 45 Or. 441, 78 Pac. 392; 13 Am. & Eng. Ency. of Law, 2d ed., 258.) A great many phases of the law that may become applicable to this case upon a retrial thereof have been very ably and exhaustively considered in respondent's brief, as also in the brief of appellant. But the case having come to this court on a judgment of nonsuit in the lower court, we are left by the record in such a position that we cannot consider or pass

upon many of these matters.   Many of these questions must depend entirely for their application upon the particular facts disclosed.   We have passed upon all the questions the record discloses, and the case will necessarily have to be remanded for a new trial.   The judgment of the lower court is reversed and the cause remanded, with instruction to the trial court to grant a new trial and proceed in accordance with the views herein expressed.   Costs awarded in favor of appellants.

Stockslager, C. J., and Sullivan, J., concur.

### ON PETITION FOR REHEARING.

#### (January 14, 1907.)

SULLIVAN, J.—This is a petition for a rehearing.   Counsel for respondent first complains of the following language found in the opinion, to wit: ''The plaintiffs were entitled to an opportunity to offer evidence in rebuttal thereof, or tending to show a waiver of the conditions and obligations pleaded as defenses.''   It is contended by counsel that this language is contrary to the record, for the reason that it affirmatively shows that the court gave the plaintiffs opportunity to produce any evidence which they had that would rebut or tend to rebut the evidence brought out by defendant's counsel on cross-examination.   The cross-examination referred to was that of the plaintiffs' witnesses, and occurred before the plaintiffs had rested their case or before the defendant had put in his evidence and rested.   We know of no practice that will require the plaintiff, before he has rested his case, to put in any rebuttal evidence rebutting any evidence given by his own witnesses on cross-examination, or that would require him to put in rebuttal evidence until defendant had put in his evidence and rested.   The privilege of putting in rebuttal evidence before the defendant has put in its evidence is not the kind of privilege or practice that affords the plaintiff any opportunity to offer evidence in rebuttal.   The plaintiff is only. required to produce his evidence in chief to support the material allegations of his com-

plaint, and is not required or expected to anticipate the defendant's defenses, and rebut every item of evidence disclosed by the cross-examination of the plaintiffs' witnesses before the defendant has introduced his evidence. The plaintiff is entitled to introduce his rebuttal after the defendant has rested his case. The proceeding in this case illustrates the necessity of such a rule. After the court had announced the novel proposition that the plaintiffs might, in making their case in chief, offer evidence in rebuttal of the facts disclosed by the cross-examination of their own witnesses, the plaintiffs then and there tendered such evidence as they had present at that time, and then concluded that they required another witness who was not in attendance upon the court at that time. They thereupon asked for a continuance in order to secure the evidence of such witness. This application was denied. The practice of requiring the plaintiff to put in his rebuttal evidence before the defendant has put in his evidence is not the correct practice. The trial court has no authority to enforce such an order or procedure. With reference to the facts established by the defendant's cross-examination of plaintiffs' witnesses, it will be observed that where a defendant moves for a nonsuit on the plaintiff's evidence, he is deemed to have admitted the existence of every fact which such evidence tends to prove, or which can be gathered from any reasonable view of the evidence. (*Later v. Haywood, ante,* p. 78, 85 Pac. 494.) In such cases the evidence must be construed most strongly against the moving party and in favor of the one who introduced the evidence.

The petitioner next contends that under the view of the law taken by the court to the effect that plaintiffs must plead and prove conditions precedent, and that the court has misapplied the law to the facts of this case, and contends that the two principal points on which they relied to defeat plaintiffs' action and to support the order of the judge in granting a nonsuit, are as follows: a. That if any of the property be encumbered at the time of the issuance of policy. such encumbrance avoided the entire policy; b. That if the title of the insured be other than "unconditional and sole own-

ership,'' or if the subject of insurance be a building on ground
not owned by the insured in fee simple, the entire policy
should thereby be avoided. This court agrees with counsel
that those conditions are properly classed among conditions
precedent, and that they have been so treated by many courts.
What we intended to say in the original opinion, but failed
to say, is this: while these conditions were conditions precedent
to be performed or made to exist prior to the consummation
of the contract and the delivery of the policy, the fact of the
delivery of the policy raises the *prima facie* presumption that
those facts were all found by the insurer to exist before the
policy was delivered. When plaintiffs proved execution and
delivery of the policy and produced that policy in evidence,
it at least raised the presumption that all the facts deemed
necessary to exist prior to the delivery of that policy did in
fact exist. While the burden of proof in many instances is
on the plaintiff, there are certain presumptions of law which
arise from the existence of certain other facts, and those
presumptions have the weight of *prima facie* evidence, and
relieve the party upon whom the burden of proof rests, in
the first instance, from producing evidence to show that such
facts actually existed. Such presumptions may be overcome
by the opposing party producing evidence to show a contrary
state of facts. For instance, if the party produced at the
trial negotiable paper in a court where suit thereon has been
brought, the presentation and possession of such paper is
*prima facie* evidence of the ownership thereof, but such pre-
sumption may be overcome by evidence to the contrary.

In the case at bar the written application, if there was one,
may have set forth the fact that the plaintiffs were not the
owners in fee of the real estate on which the property in-
sured was situated, and it may have set forth the fact that
the property was mortgaged. If it did, and the respondent
issued its policy under those facts, it is now estopped from
claiming that said policy is void because of certain provisions
contained therein. We are aware that some authorities do
not agree with that view, but we believe the better reason is
with the authorities that hold as we have above held.

We gather from the evidence that all the property insured was not mortgaged, and in case that it should be held that a part of said property was mortgaged and a part not, and that the policy was valid as to the part not mortgaged and invalid as to the part mortgaged, the plaintiffs would be entitled to recover as to the part not mortgaged. Anyway, if it is shown that the mortgage existed upon said property, it would devolve upon the defendant to show that it was a valid subsisting mortgage that could be enforced in a court of equity. If the defendant pleads the invalidity of the policy on account of the mortgage, it must show the facts above indicated.

Counsel for petitioner says that this court must have labored under the apprehension that the plaintiffs had not had an opportunity to present their evidence, and they contend that the record shows they had an opportunity and remained silent under the court's request for the evidence. In regard to that contention it is sufficient to say that the plaintiffs had the right under the law to present whatever rebuttal testimony they had after the defendant had put in its evidence and rested. It is not sufficient to say that the plaintiffs put in their evidence and were then given an opportunity by the court to present their rebuttal evidence before the defense had rested or put in any evidence whatever, and that that was a sufficient opportunity for them to put in their rebuttal. The court might just as well have undertaken to require them to put in their rebuttal before any evidence had been put in whatever. We recognize that it is a maxim of common life that ''Opportunity knocks but once at each man's door,'' but we are advised that there is a time and season for all things, and rebuttal evidence on the part of the plaintiff is not required under the law until the defense has rested.

As stated in the original opinion, if the title disclosed was held to be short of the requirements contained in the policy, still it would not defeat the right to recover under the policy if it could be shown that the insured in their application truly represented the state and condition of the title to the property. In such case the insurer could not insert a contrary

provision in the policy with knowledge of the true condition of the title, and thereby bind the insured and defeat his right of recovery in case of loss after having received the premium. A rehearing is denied.

Ailshie, C. J., concurs.

Stewart, J., took no part in the decision.