JOSEPH HAIDER and Another v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

April 21, 1897.

Nos. 10,403—(233).[2]

**Insurance—Ownership of Premises.**

Plaintiff, in building upon his lot, by mistake as to its boundaries built the house so that it stood 20 feet on the street and two feet on the adjoining lot, in which he had no right, title, or interest. The defendant insured the house against loss by fire by a policy containing the following provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." The house was burned. In an action on the policy:

(1) *Held*, the condition avoiding the policy, "if the subject of insurance be a building on ground not owned by the insured," was not broken, as long as some part of the building stood on land owned by the insured in fee simple.

(2) *Held*, further, the condition avoiding the policy, "if the interest of the insured be other than unconditional and sole ownership," was not broken by erecting the building partly on the street, because, if for no other reason, the public had no right, title, or interest in the building, and, as between him and the public, he had a right to remove the same.

**Same—Good Faith.**

Plaintiff did not know that he had erected the building two feet, or at all, beyond the line of his lot until after the insurance policy was issued (though he discovered it before the loss). He apparently acted in good faith, and, as far as appears, no one had ever asserted any adverse claim to the two feet in question. *Held*, under these circumstances, the insurer cannot assert that the condition last above quoted was broken by the building having been erected two feet beyond the line of plaintiff's lot.

---

[1] Reported in 70 N. W. 805.        [2] October, 1896, term.

Appeal by defendant from an order of the district court for Ramsey county, Charles D. Kerr, J., granting a motion for a new trial.    Affirmed.

*McDonald & Fauntleroy* and *Otto Keuffner*, for appellant.

The contract of insurance is entire and indivisible.    If any part of it is void the whole is void.    Plath v. Minnesota F. M. F. I. A., 23 Minn. 479, 10 Ins. Law Jour. 433; Thomas v. Commercial U. A. Co., 162 Mass. 29, 37 N. E. 672; Stevens v. Queen Ins. Co., 81 Wis. 335, 51 N. W. 555; Dohlantry v. Blue Mounds Ins. Co., 83 Wis. 181, 53 N. W. 448; Burr v. German Ins. Co., 84 Wis. 76, 54 N. W. 22; Geiss v. Franklin Ins. Co., 123 Ind. 172, 24 N. E. 99.

The construction of the house partly upon the neighbor's lot and partly upon the public street constitutes a violation of the clause relating to unconditional ownership.    Mutual L. Ins. Co. v. Leubrie, 18 C. C. A. 332, 71 Fed. 845; Weed v. London & L. F. Ins. Co., 116 N. Y. 106, 22 N. E. 229; 1 May, Ins. § 287; Hinman v. Hartford F. Ins. Co., 36 Wis. 159; Rohrbach v. Germania F. Ins. Co., 62 N. Y. 47, 62; Catron v. Tennessee Ins. Co., 6 Humph. 176; Firemen's F. Ins. Co. v. Barker, 6 Colo. App. 535, 41 Pac. 513; Westchester F. Ins. Co. v. Wagner, 24 Ins. Law Jour. 476, 30 S. W. 959; Home Ins. Co. v. Smith (Tex. Civ. App.) 29 S. W. 264; Capital Co. v. Autrey, 105 Ala. 269, 17 South. 326.    Ignorance on the part of the insured is no defense. Ætna Ins. Co. v. Resh, 40 Mich. 241; Hartford F. Ins. Co. v. Hass, 87 Ky. 531, 9 S. W. 720; Firemen's F. Ins. Co. v. Barker, supra; Oldham v. Anchor M. F. Ins. Co., 90 Iowa, 225, 57 N. W. 861; Lasher v. St. Joseph F. & M. Ins. Co., 86 N. Y. 423; Diffenbaugh v. Union Fire Ins. Co., 150 Pa. St. 270, 24 Atl. 745; Weed v. London & L. Fire Ins. Co., supra; Waller v. Northern Assurance Co., 10 Fed. 232.

The failure of plaintiff to inform defendant, after he discovered the true location of the premises in December, 1894, constituted a fraud on his part.    If plaintiff relies on a waiver it is his duty to allege a waiver. Boon v. State Ins. Co., 37 Minn. 426, 34 N. W. 902; Hand v. National L. S. Ins. Co., 57 Minn. 519, 59 N. W. 538; Heusinkveld v. St. Paul F. & M. Ins. Co., 96 Iowa, 224, 64 N. W. 769; Edgerly v. Farmers' Ins. Co., 43 Iowa, 587, 5 Ins. Law Jour. 846; Eiseman v. Hawkeye Ins. Co., 74 Iowa, 11, 36 N. W. 780; 17 Ins. Law Jour. 843; Weidert v. State Ins. Co., 19 Oregon, 261, 24 Pac. 242, 19 Ins. Law Jour. 750; Moore

v. Phœnix Ins. Co., 62 N. H. 240; Schreiber v. German-American H. Ins. Co., 43 Minn. 369, 45 N. W. 708; McMartin v. Continental Ins. Co., 41 Minn. 198, 42 N. W. 934; Boyd v. Vanderbilt Ins. Co., 90 Tenn. 212, 16 S. W. 470.

*Palmer & Dickinson*, for appellant.

The common law has been modified by statute so far as to permit one constructing a building, under color of title, upon the land of another to remove it, but not to permit the removal of a building constructed without color of title and without the consent of the owner.    G. S. 1894, §§ 5848, 5849.    The evidence was insufficient to bring this case within section 5848.    Reed v. Lammel, 40 Minn. 397, 42 N. W. 202; Seigneuret v. Fahey, 27 Minn. 60, 6 N. W. 403; O'Mulcahy v. Florer, 27 Minn. 449, 8 N. W. 166; Wheeler v. Merriman, 30 Minn. 372, 15 N. W. 665; Hall v. Torrens, 32 Minn. 527, 21 N. W. 717; McLellan v. Omodt, 37 Minn. 157, 33 N. W. 326; Pfefferle v. Wieland, 55 Minn. 202, 56 N. W. 824.

*F. C. Stevens*, for respondent.

The rules of construction of such conditions in insurance policies are to be borne in mind.    (1) Plaintiff should recover, if he has complied either literally or substantially with the conditions of the policy.    Soli v. Farmers' M. Ins. Co., 51 Minn. 24, 52 N. W. 979, 1 May, Ins. § 284, 565; 1 Wood, Ins. §§ 145, 146; 1 Beach, Ins. § 596.    (2) Plaintiff should recover if he has a substantial insurable interest in the property, and must recover unless some condition of the policy has been violated by him for which violation there is the express penalty of forfeiture.    Everett v. Continental Ins. Co., 21 Minn. 76; 1 May, Ins. §§ 283, 284, 285; 2 Beach, Ins. §§ 863, 864.    (3) If a fair and reasonable construction can be found that will sustain the policy and contract, it should be adopted and the policy enforced.    It should be defeated only in case of necessity.    1 Wood, Ins. § 146; De Graff v. Queen Ins. Co., 38 Minn. 501, 38 N. W. 696; Chandler v. St. Paul F. & M. Ins. Co., 21 Minn. 85; Loy v. Home Ins. Co., 24 Minn. 315; Cargill v. Millers' & M. Ins. Co., 33 Minn. 90, 22 N. W. 6; Olson v. St. Paul F. & M. Ins. Co., 35 Minn. 432, 29 N. W. 125; Everett v. Continental Ins. Co., 21 Minn. 76; Holbrook v. St. Paul F. & M. Ins. Co., 25 Minn. 229. (4) The reason for the insertion of such a condition in the policy must

be considered and given effect, if possible.    1 Beach, Ins. § 402; Lewis v. New England F. Ins. Co., 29 Fed. 496.

The dedication of the street constituted an easement only.   The plaintiff's succession to the rights of the dedicators gave plaintiff title in fee to the center of the street in front of his lot.   St. Anthony W. P. Co. v. King Bridge Co., 23 Minn. 186; Rich v. City, 37 Minn. 423, 35 N. W. 2; Rich v. City, 40 Minn. 82, 41 N. W. 455; Viliski v. City, 40 Minn. 304, 41 N. W. 1050.   When the whole building is defined in the condition, but only a part of it is actually affected, the prohibition does not apply.   1 May, Ins. § 263 (A); Security Ins. Co. v. Mitts, 27 Brad. 324; Illinois Ins. Co. v. Mette, 27 Ill. App. 330; Breuner v. Liverpool, L. & G. Ins. Co., 51 Cal. 101.

The clause as to title is inserted in a policy to prevent fraud and make sure that the insured has a substantial interest in the property. Lewis v. New England F. Ins. Co., 29 Fed. 496; Swift v. Vermont M. F. Ins. Co., 18 Vt. 305; 1 Beach, Ins. § 402.   The clause has no reference to the quantity of the estate, but only to its quality, whether for life, in fee, etc.   Caplis v. American F. Ins. Co., 60 Minn. 376, 62 N. W. 324; 1 May, Ins. § 283; 2 Beach, Ins. § 632.

Defendant has waived any breach of condition because it has not pleaded such breach of condition in its answer.   Otherwise such a defense is waived.   2 May, Ins. § 591; Smith v. German Ins. Co., 107 Mich. 270; Towle v. Ionia, E. & B. F. M. F. Ins. Co., 91 Mich. 219, 51 N. W. 987; Roach v. Kentucky M. S. F. Co., 28 S. C. 431, 6 S. E. 286; Tabor v. Goss & P. Mfg. Co., 11 Colo. 419, 18 Pac. 537; Bellington v. Washington Ins. Co., 24 Fed. 549; Boulden v. Phœnix Ins. Co., 112 Ala. 422, 20 South. 587.

CANTY, J.   This is an action on an insurance policy insuring a dwelling house against loss by fire.   The policy contains the following clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void   *   *   *   if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The case was tried before the court without a jury on a stipulation of facts in which it is stated:   That at the time the insurance policy was made and at the time of the loss plaintiff was the owner of a certain lot

1, in the city of St. Paul, but was not the owner of lot 2, adjoining lot 1, and never had or claimed any right or title in or to said lot 2. That, except as hereinafter stated, the house was his property. That the house was 45 feet in length and 16 feet in width, and was built by plaintiff two feet of its width on lot 2, without the consent of the owner of lot 2, and so stood two feet on lot 2 at the time of the loss. The balance of it was built and stood on lot 1, except that 20 feet of the front end of it stood on the street in front of the ends of lots 1 and 2, which lots abutted on said street. That at the time the policy was issued the defendant's agent personally examined the premises for the purpose of inspecting the house as a risk, and noticed that the house was not in line with the other houses, but stood further out into the street,—nearer the center of the street,—but that the street was then rough, ungraded, and obstructed by rubbish and bushes. That at that time neither plaintiff nor defendant or its said agent knew that any part of said house stood upon said street or on said lot 2, and plaintiff did not discover and was not informed as to the true location of the house as aforesaid until several months after the policy was issued, and about two months before the loss. The court found all of these facts, and thereon ordered judgment for defendant. From an order granting a new trial, defendant appeals. The only question presented on this appeal is whether the facts above stated constitute a breach of the conditions of the policy above quoted, or any of them, so as to avoid the policy.

1. There is no breach of the condition providing that, "if the subject of insurance be a building on ground not owned by the insured in fee simple," the policy shall be void. According to the well-established principles of interpretation, there is no breach of this condition until it is totally broken. As plaintiff owned in fee simple a part of the land on which the building was situated, the condition was not broken, although he did not own the other part. Thus, where a policy provided that, if the building should fall, the insurance should cease, it was held that the insurance did not cease when a part of the building fell, and the rest remained standing. Breuner v. Liverpool, L. & G. Ins. Co., 51 Cal. 101; Illinois Ins. Co. v. Mette, 27 Ill. App. 324. So, where the condition was that the premises should not become vacant and unoccupied, it was held not to be broken by the premises becoming partly vacant, when they remained partly occupied. American Fire Ins. Co. v. Brighton Cotton Mfg. Co., 125 Ill. 131, 17 N. E. 771.

2. We shall now consider the other condition avoiding the policy, "If the interest of the insured be other than unconditional and sole owner-ship." The front end of the house was built 20 feet upon the street. It must be presumed that plaintiff was the owner in fee of the street in front of his lot to the middle of such street, and that the public had only an easement therein. Then the public had no interest in or title to this house, and can only compel plaintiff to remove the house, which, as against the public, he would have a right to do. Therefore, as between him and the public, he was the sole and unconditional owner of the house.

3. But the house also stood two feet on lot 2, and it is claimed by appellant that this part of the house had been attached to lot 2, and became a part of it; that the title and ownership of this two feet of the house was in the owner of lot 2, and therefore plaintiff was not the sole and unconditional owner of the house. Plaintiff built the house, was in the exclusive possession of it, insured it in good faith believing that he was the sole owner of it, and up to the time of the loss no one, so far as appears, asserted any adverse claim to any part of it. Is it the meaning of this condition that whenever there is a loss the insurance company may have the lot surveyed, and, if it is found that the building stood an inch, or a tenth of an inch, beyond the line of the lot on land not owned by the insured, the company shall escape liability? Is it the meaning of this clause that, whenever there is a loss, the insurance com-pany may examine with a microscope the title to the land on which the building stood, and, if any flaw is found in that title, the company shall escape liability? In every such instance the statute of limitations might have run in favor of the insured, and he might have continued forever to be the owner of the property as against all the world, were it not for the industry of the insurance company in finding means by which to avoid its liability.

We cannot hold that by the condition in question it was intended to give the insurer a right to assert a defect in the title of the insured, which defect no one else had ever asserted. In the case of Miller v. Alliance Ins. Co., 7 Fed. 649, 651, Mr. Justice Wallace, in passing on this same condition in an insurance policy, said:

"The defendant's offer of proof was, therefore, nothing more than a proposition to show that the plaintiff, although he had a title to the mill property which apparently vested in him the sole, unconditional,

and entire ownership of the property, had a defective title    *   *   * So long as the plaintiff, under claim of right, had the exclusive use and enjoyment of the insured property without any assertion of an adverse right or interest in it by any other person, he was the owner of the property.    In the ordinary acceptation of the term, who would be considered the owner of real estate except the grantee in possession, when no adverse claim has been made by another?"

See, also, Stevenson v. Insurance Co., 26 U. C. Q. B. 148. We are of the opinion that, as to the defendant insurance company, plaintiff was the sole owner of the house, within the meaning of this policy.

The order appealed from is affirmed.