## Home Insurance Company v. McCoy.

(Decided January 18, 1927.)

### Appeal from Pike Circuit Court.

1. Insurance—Fire Policy Requiring Sole and Unconditional Ownership of Building and Fee Simple Ownership of Ground Held Complied with, though Building Encroached on Street.—One owning storehouse encroaching on street for several years without legal action being taken to compel its removal held to comply with conditions of fire insurance policy requiring sole and unconditional ownership in fee simple of ground on which building stood.

2. Appeal and Error—Error in Instructions is Immaterial, where Prevailing Party was Entitled to Directed Verdict.—Where plaintiff was entitled to directed verdict and had a verdict, whether instructions were erroneous is immaterial.

F. M. DRAKE for appellant.

O. A. STUMP and FRANK P. DAMRON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellee obtained a judgment in the Pike circuit court against the appellant on an insurance policy for

$1,000.00, growing out of the burning of appellee's store house in the city of Pikeville. Appellant defended on the ground that the interest of the appellee in the property destroyed was other than unconditional and sole ownership and that the building which was the subject of the insurance was located on ground not owned by appellant in fee simple.

The lower court should have given a peremptory instruction for one side or the other. If appellee was entitled to recover, the judgment of the lower court is correct. But if appellant was entitled to have its contention upheld the case will have to be reversed. The question must be determined from the facts and the law applicable thereto.

In appellant's brief we find this statement of the facts:

"After the building burned, it developed that the building stood, in a very substantial part, on a public street in the city of Pikeville, and that McCoy had been in a controversy for months, with the city council over his encroachment in a street to make him move his building off the street. On the day of the night when the building burned, McCoy had been ordered by the council to remove the building at once, and an ejectment suit was threatened if he did not voluntarily remove it. As stated, the building burned that night."

This quotation from the brief of appellant concisely states the basis of its defense and is substantially correct. It is true that appellant testified that he did not know the line between his lot and the street; that he had seen surveys made and some of the surveys showed there was a space between his store house and the line of the street, while other surveys showed that a part of his storehouse was on the street. The preponderance of the evidence shows that a portion of the storehouse was located on the street. Appellee had owned the storehouse for several years and no legal action had been taken by the city to compel him to remove the obstruction from the street.

It is contended by appellant that the provisions of the Standard Fire Insurance Policy making the policy void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance

be a building on ground not owned by the insured in fee simple, has been often upheld by this court. The case of Niagara Fire Insurance Company v. Layne, 162 Ky. 665, is one of the cases relied on by appellant. In this case one Justice was the owner of a tract of land. He sold the timber on the land to the Catlettsburg Timber Company and that company erected a storehouse on the land of Justice. In the writing conveying the timber there was no authority given for the erection of this house. When the timber company ceased its operation, which it did prior to the time that the house was transferred to Layne, it had no further interest in the house and its ownership passed to the owner of the land as there was no provision in the contract for the removal of the house. When the stock of goods was transferred to Layne there was no price fixed on the building. There can be no question that the insured in that case was not the owner of the land on which the building stood, and therefore he could not recover on the insurance policy for the loss of the building. But the facts are essentially different from the facts in the case now under consideration.

Another case relied on by appellant is French v. Delaware Insurance Company, 167 Ky. 176. There C. A. French, Sr., had entered into an executory contract with J. C. Reiss, by the terms of which he sold the property to Reiss upon certain specified terms and agreed that when the payments should amount to a certain sum he would execute a deed to Reiss. Reiss made several payments on the property and then by another executory contract sold the property to C. A. French, Jr., who was the son of the former owner. The house located on the property was destroyed by fire and C. A. French, Sr., undertook to recover on the policy. The court properly held that he was not the sole and unconditional owner of the property and should not recover. The evidence showed that C. A. French, Sr., had received nearly all of the purchase money for the property and if he had been allowed to recover on the policy he would have received not only the consideration paid by his vendees, but the amount of the insurance in addition thereto, which would greatly have exceeded the value of the property. The facts in that case clearly distinguish it from the one under consideration.

The two above cases are the only ones cited by appellant in its brief upholding the particular clause in the

Standard Fire Insurance Policy relied on by appellant
in this case.    Appellant, however, cites and relies on
Clements on Fire Insurance, vol. 2, 152, and quotes there-
from as follows:

> "A test of sole and unconditional ownership is
> to inquire whether the interest, legal or equitable, as
> owner, is of such a nature that the insured must sus-
> tain the entire loss if the property be destroyed; an-
> other test is to inquire whether the interest is so
> vested in the individual that he can by no contin-
> gency be deprived of it without his consent."

This authority may be relied on as supporting the
contention of appellee as strongly as it supports the con-
tention of appellant.   The two tests of sole and uncondi-
tional ownership are stated and one of them is that the
ownership must be of such a nature that the insured must
sustain the entire loss if the property be destroyed.   It
cannot be argued that appellee did not sustain the entire
loss by reason of the destruction of his storehouse.   The
city of Pikeville would not sustain any part of the loss
and if we apply that test to the facts in this case it would
seem that appellee was entitled to recover in this case.
This test appears to have been in the minds of the court
in the French case, supra.   In that case the court, quoting
from Cooley on Insurance, page 1370, said:   "The in-
sured's interest must be of such nature that he would sus-
tain the whole loss if the property be destroyed."

The case of Allen, et al., v. Phoenix Insurance Com-
pany, 12 Idaho 653, is a case well in point.   In that case
the house of the insured was situated upon a government
homestead the title to which was in the United States.
It was insisted by the insurer that the insured was not the
sole and unconditional owner of the property and that he
did not own in fee simple the ground on which the house
was located.   The court in that case said:

> "We do not think, however, that the fact of this
> property being situated on a government homestead,
> the legal title to which rests in the government, is a
> failure of title such as contemplated by the stipula-
> tion in the policy relied on by the insurer.  The pur-
> pose of the insurer inserting such a stipulation in the
> contract is to enable it to ascertain who is the real
> owner of the property and on whom the loss would

fall in case of destruction of the property. Here no other person, either individual or corporate, has any interest whatever in the real estate. The plaintiffs had located and filed upon the property in compliance with the law, and had apparently taken all the steps necessary to acquire the legal title from the United States. The destruction of the property was no loss to the government. The sole and entire loss fell upon the insured (the homesteader). This clause is found in the policies of most companies, and has been employed by insurance companies for many years. We have examined a great many authorities wherein the courts have considered the purpose and effect of this clause requiring unconditional or fee simple title in the insured, and while insurance companies have been writing policies on property situated on government homesteads for nearly half a century, still our attention has not been called to a single case where an insurer his successfully pleaded such condition as constituting a breach of contract so as to defeat the recovery of the loss insured against.''

A case very much in point is Haider v. St. Paul Fire and Marine Insurance Company, 67 Minn. 514, 70 N. W. Rep. 805. That was a case where a building extended twenty feet on the public street. The court held that the policy was not void because the insured was not the sole and unconditional owner or because he did not own the ground on which the building was located. On the question of whether the policy was void because the insured was not the owner in fee simple of the ground on which the building was situated the court said:

"It is no breach of the condition providing that if the subject of insurance be a building on ground not owned by the insured in fee simple the policy shall be void. According to the well established principles of interpretation there was no breach of this condition until it is totally broken."

On the question of whether the interest of the insured was other than sole and unconditional ownership the court said:

"We shall now consider the other condition voiding the policy: 'If the interest of the insured be other than unconditional and sole ownership.' The front

end of the house was built twenty feet upon the street. It must be presumed that plaintiff was the owner in fee simple of the street in front of his lot to the middle of such street, and that the public had only an easement therein. Then the public had no interest in or title to this house and can only compel plaintiff to remove the house which as against the public he would have a right to do. Therefore as between him and the public, he was the sole and unconditional owner of the house.''

We are satisfied that the lower court should have instructed the jury to find for the plaintiff, and as the jury did so under the instructions given the court, it is not material whether the instructions given were erroneous.

The judgment is affirmed.