## National Union Fire Insurance Company v. Hall.

(Decided March 7, 1930.)

338

F. M. DRAKE and O. M. MATHER for appellant.

WILLIAMS & HANDLEY for appellee.

Opinion of the Court by Judge Dietzman—Reversing.

Appellee as plaintiff below brought this suit against the appellant to recover on an insurance policy insuring her against loss of or damage by fire to a one and one-half story shingle roof framed dwelling and certain outhouses located on a farm which she claimed to own in Larue county. By its answer the appellant denied that the appellee owned the property which had been destroyed by fire and affirmatively pleaded that the policy by its terms provided that it should be "void if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple." Appellant averred that the appellee held the property which was destroyed by fire and the land upon which it was located under a deed which conveyed her no title because the ownership in fee simple of the property at the time of its alleged conveyance to the appellee was in the daughter of the appellee, a lady by the name of Annie Mears, who was then a married woman, and because in the deed which undertook to convey the property to the appellant, Annie Mears was the sole grantor; the name

of her husband, Robert Mears, appearing nowhere in the body of the deed. All he did was to sign and acknowledge the deed. The appellant also relied upon the failure of the appellee to furnish proof of loss within 60 days from the date of loss. In her petition, the appellee had acknowledged the delay in furnishing this proof of loss and had sought to excuse it on the ground that she had notified the agent of the appellant of her loss promptly after it had occurred, and this agent on account of the state of the roads at the time, it then being midwinter, had put off from time to time coming out to view the premises, although repeatedly promising to come out as soon as the roads were passable, and that when she discovered that he was not coming she then at once made up the proof of loss required by the policy. All this was denied by the answer of the appellant. The policy is not one of the kind which is rendered void on the failure of the insured to file the proof of loss within 60 days from the date of the loss, but of the kind which has been construed by the courts to mean that no suit can be brought until proof of loss has been furnished.

By her reply the appellee alleged that she did not know until the answer of the appellant was filed that she did not have title to the property in question; that at the time her daughter had conveyed to her this property she had paid to her daughter the sum of $2,400 for it, being the full purchase price of the property; that in good faith she believed at the time she insured it that she had good title to it; and that after it was discovered that she did not have the title, which was after the loss of the property, her daughter and her husband by proper deed conveyed her the title. She pleaded that because of this subsequent conveyance and her good faith in believing she had title at the time she insured the property, the appellant was estopped to deny the validity of her title to the property.

The appellant filed a demurrer to the reply and on its being overruled, it declined to plead further. The court then entered judgment for the appellee in the amount of the policy sued on, and from that judgment this appeal is prosecuted.

So far as the failure of the appellee to furnish proof of loss within sixty days from the date of the loss is concerned, as the policy did not provide for its forfeiture if there was such failure and as the proof of loss was furnished before the suit was brought, appellant has no

defense on this score, at least if notice and proof of loss were furnished within a reasonable time after the fire. Dixon v. German Insurance Co., 11 Ky. Law Rep. 1001. The facts alleged in the petition, if true, excused the delay of the appellee, and when these facts were traversed by the appellant, the question of their verity became one for the jury.

We pass to the second contention of the appellant. The provision in the policy that it should be void if the interest of the insured was other than unconditional and sole ownership, or if the subject of the insurance was a building on ground not owned by the insured in fee simple, was and is a valid provision and has been upheld and sustained by the courts of this state and the courts of all of our sister states. French v. Delaware Ins. Co., 167 Ky. 176, 180 S. W. 85; Wilson v. Germania Fire Ins. Co., 140 Ky. 642, 131 S. W. 785; Ohio Valley Fire & Marine Ins. Co.'s Receiver v. Skaggs, 216 Ky. 535, 287 S. W. 969; Palmetto Fire Ins. Co. v. Fansler, 143 Va. 884, 129 S. E. 727, 730; Mechanics' & Traders' Ins. Co. of New Orleans v. Local Bldg. & Loan Association, 128 Okl. 71, 261 P. 170; Amercian Ins. Co. v. Bagley, 6 Ga. App. 736, 65 S. E. 787; Home Ins. Co. v. Smith (Tex. Civ. App.) 29 S. W. 264. And see generally Cooley's Briefs on Insurance, vol. 3, p. 2129.

In the case of Hartford Fire Insurance Co. v. Haas, 87 Ky. 531, 9 S. W. 720, 722, 10 Ky. Law Rep. 573, 2 L. R. A. 64, this court had before it the question of the validity of this clause in the policy there before it, and although the case went off on a matter of waiver which we shall presently discuss, in discussing this matter of the validity of the clause we said: "The importance of disclosing the nature of the interest of the assured in the subject-matter insured cannot be overlooked; and such a stipulation in the contract will be enforced, because binding on all the parties, although the assured may have regarded it as non-essential at the time of entering into the contract, or have been ignorant, in the absence of some fraud practiced upon him, that the policy contained such a stipulation."

In the case of Wilson v. Germania Fire Ins. Co., supra, the facts were very analogous to those of the instant case. There the father of the appellant was the owner of some land which had been sold for taxes. Before the two years within which he had a right to redeem this

land had expired, his daughter, acting with her father's consent, as the case assumed for the purpose of the decision although that matter was in dispute, paid the taxes, interest, and penalties, and the sheriff with the county attorney's advice deeded to the appellant the property. In good faith and believing that she was the owner of it, she insured the buildings upon the property in the sum of $700. They were destroyed by fire. The insurance company defended under the terms of a provision in the policy like the one involved in the case before us. Under the tax laws, the court held that no title passed to the appellant by virtue of her sheriff's deed. The court, although upholding the validity of the involved provision of the policy, allowed a recovery to the extent of the insurable interest of the appellant, being the taxes, interest, and penalties of $38.25 which she had paid. The court based this recovery on a waiver by the insurance company of the provision of the policy relied upon as a defense. We said: "If appellant was without title to the property, the statement or representation in the policy that she was the owner thereof, however honestly made, was untrue, and under the clause of the policy quoted above operated to invalidate it, unless, as alleged by her, appellee's agent was fully advised of her want of title and with such knowledge delivered to her the policy, in which event she would be entitled to recover on the policy to the extent of such insurable interest, if any, as she may have in the property."

In the Skaggs case, supra, recovery was denied under the provision of the policy as now before us.

In determining the scope of the provision thus held to be valid by the courts, Joyce, in his work on Insurance, in section 2048 says: "A condition avoiding a policy if the interest of the insured be other than an absolute fee simple means only that he shall not have a limited interest but shall claim and hold under a conveyance purporting to invest him with an estate in fee; but an applicant for insurance is not called upon to settle questions of title with very great precision and the fact that there is a naked legal title outstanding will not avoid the policy if the assured is the entire beneficial owner of the premises."

In the Fansler case, supra, the rule is quoted thus: "The words 'owned in fee simple,' 'title in fee simple,' or 'absolute title in fee simple' are held not to import that the insured can show an indefeasible title, free from

defects and good against all persons, or even a valid legal title at all. An outstanding naked legal title, or defects in the title or title deeds of the insured, if he claims under a deed or other evidence of title purporting to invest him with an estate in fee simple, do not constitute a breach or avoid the insurance where the policy is conditioned on any of these statements."

Applying this rule in the Fansler case, the Supreme Court of Virginia denied a recovery under a policy procured by Fansler on a piece of property which he had contracted to buy from one Max Wood but complete title to which Max Wood had been unable to convey to him because of an undivided outstanding interest therein which Max Wood did not own. In the case of Ohio Farmers' Ins. Co. v. Todino, 111 Ohio St. 274, 145 N. E. 25, 27, 38 A. L. R. 1118, the facts were that a husband undertook to give his wife an automobile. Because of his failure to comply with certain statutory requirements of the state of Ohio, the Supreme Court of Ohio held that no title passed from the husband to the wife. Later the automobile was stolen and the wife brought suit on an insurance policy insuring her against theft. The policy contained the clause about "sole and unconditional ownership." The court denied her recovery as she had no title or ownership in the car. In the course of its opinion, the court said: "Plaintiff here knew, or was bound as a matter of law to know, that she had no title"—and this because of her failure to comply with the statutes governing transfers. In the case of Wyandotte Brewing Co. v. Hartford Fire Ins. Co., 144 Mich. 440, 108 N. W. 393, 6 L. R. A. (N. S.) 852, 115 Am. St. Rep. 458, the insured premises were upon leased ground. The insured did not know that the clause like the one here under discussion was in its policy, but it was held nevertheless that because of such clause there could be no recovery. In the Home Insurance Company v. Smith case, supra, no facts are stated in the opinion. It is simply said that the insured had no title and therefore could not recover under a policy containing a clause such as we have here. In the Mechanics' & Traders' Ins. Co. of New Orleans case, supra, the insured was a bona fide purchaser from a grantor who held under a forged deed. The true owners of the property sued the insured to recover the land. While this suit was pending the insured property was destroyed by fire. Later the true owner recovered the

land from the insured. It was held that the insured could not despite his good faith recover on his policy of insurance which contained a clause like the one here involved.

It is true that the courts have held that this clause of the policy may be waived by the insurance company, and without traveling beyond the confines of our state, we may find examples of such waiver and the results that flow therefrom in the cases of Hartford Insurance Co. v. Haas, and Wilson v. Germania Fire Insurance Co., supra. See also Wilson v. Commercial Union Assurance Co., 90 Vt. 105, 96 A. 540. We shall presently discuss this question of waiver more at length.

It is conceded, as indeed it must be, that the attempted conveyance of Annie Mears to the appellee conveyed under the laws of·this state no title whatever to the appellee. In the case of Duncan v. Jenkins, 215 Ky. 543, 286 S. W. 783, 784, the authorities on this proposition are collected, and the rule is announced thus: "It has been uniformly held that the deed of a married woman, though subscribed and acknowldeged by her husband, was void where his name did not appear in the body of the deed, and he had not previously made a separate conveyance."

In this Duncan case it was also held that a court of equity could not even reform the deed so as to make it a legal one and then enforce it, because the deed even considered as a contract or a memorandum thereof was void, as the husband's name nowhere appeared in its body. Therefore, at the time this policy was issued to the appel·lee and at the time of her loss, she had no title whatever to the property, nor did she have any enforceable contract nor any contract on the basis of which she could have reformed the deed. It is possible that she may have had a lien upon the property for whatever purchase price she may have paid for it (see Prichard v. Smith, 211 Ky. 662, 278 S. W. 131), but she had no title to the property. Her good faith cannot supply this lack of title, for as well said by the Supreme Court of Ohio, she was bound to know that she had no title, and as we said in the Wilson case, supra; "If appellant was without title to the property, the statement or representation in the policy that she was the owner thereof, however honestly made, was untrue, and under the clause . . . quoted above operated to invalidate it."

The very instrument by which the appellee claimed to own the property was void. She was not even the beneficial owner of it, but at the best had, as the Wilson and Prichard cases hold, only a lien upon it for reimbursement of the purchase price. But such a lien is like a mortgage lien and by no stretch of the imagination, legal or otherwise, can it be assimilated to a title in fee simple. The Wilson case, supra, so holds. And although an insured under a clause like the one before us may not be called upon to settle questions of title with very great precision, yet at least the instrument under which he holds must be such as to purport to convey him a fee simple title. As the deed under which appellee claimed was void on its face, as was also the situation in the Wilson case, it of course did not even purport to convey any title to the appellee. Under all the authorities, both domestic and foreign, both case and text, it follows that the answer of the appellant presented a defense to the appellee's cause of action as the lower court so recognized, for it overruled the appellee's demurrer thereto. The cases relied upon by the appellee are easily distinguishable. For instance, those represented by Allen v. Phœnix Assurance Co., 12 Idaho 653, 88 P. 245, 8 L. R. A. (N. S.) 903, 10 Ann. Cas. 328, decided only that an equitable ownership satisfies the "sole and unconditional ownership," part of this clause of the policy. But appellee here had no equitable ownership but at the best only a lien for reimbursement. The case of Wainer v. Milford Mutual Fire Ins. Co., 153 Mass. 335, 26 N. E. 877, 11 L. R. A. 598, did not involve a provision like the one before us. Those cases represented by Home Insurance Co. v. McCoy, 218 Ky. 365, 291 S. W. 353, go off on the proposition that a small encroachment by the insured building upon a public street will not defeat a recovery, because, as said in the McCoy case, quoting from the case of Haider v. St. Paul Fire & Marine Insurance Co., 67 Minn. 514, 70 N. W. 805: "According to the well established principles of interpretation, there is no breach of this condition until it is totally broken."

The condition in the case before us was totally broken, as the appellee owned in fee simple no part of the land upon which the destroyed building was located.

This brings us to a consideration of the question whether the facts set up in the reply were sufficient to avoid this defense as pleaded in the answer. To restate

these facts, the reply asserts that after the loss there was a proper conveyance of the title to appellee and that at the time she insured the property she acted in good faith believing that she owned the property. The reply was not sufficient to avoid the defense of the answer. As said in the Wilson case, good faith will not save the rights of the assured, unless: "As alleged by her, appellee's agent was fully advised of her want of title and with such knowledge delivered to her the policy, in which event she would be entitled to recover on the policy to the extent of such insurable interest, if any, as she may have in the property."

There are no allegations in the reply to bring it within the saving grace of the Wilson case. Of course the conveyance of the title after the loss cannot supply its lack at the time the policy was obtained or at least at the time of the loss, for the rights of the parties must be measured by the title appellee had at the time the policy was issued, or at least at the time of the loss.

As the reply did not avoid the defense relied upon, the court erred in overruling the demurrer to the second paragraph thereof (the first being a traverse). The judgment is therefore reversed, with instructions to sustain the demurrer to the second paragraph of the reply and for further proceedings consistent with this opinion.

Whole court sitting.

Judges CLAY, WILLIS and LOGAN dissent.

### DISSENTING OPINION BY JUDGE CLAY.

An insurance policy, though denominated a contract, differs materially from an ordinary contract. In the making of the latter each of the contracting parties has a voice. Whether issued by one company or another, insurance policies are substantially alike, and are prepared in advance. In the making of the policy the insured has no voice, but is placed in a situation where he must either reject the policy and do without insurance, or accept it as written. Because of this, and of the further fact that insurance is affected with a public interest, the right of an insurance company to incorporate in its policies such provisions as it may desire is subject to the limitation that conditions avoiding the policy shall not be unreasonable, or such as to operate as a fraud on the insured. Metropolitan Life Ins. Co. v. Walters, 215 Ky. 379, 285 S. W. 252, 60 A. L. R. 194. Sometimes courts

uphold policy provisions without foreseeing the serious consequences that will follow. Then when a hardship is presented they try to meet the situation by trimming the provision down, or holding it inapplicable to the particular facts presented. In my opinion the only proper course for the courts to pursue is to project themselves into the future and consider the validity of a provision in the light of the consequences that will follow, and if it appears that the enforcement of the provision will work oppressively, or operate as a fraud on the policyholder, they should meet the situation squarely and declare the provision invalid. The provision of which I desire to treat is that the policy shall be void "if the subject of insurance be a building on ground not owned by the insured in fee simple." Fire insurance companies insure property and not titles. They are concerned with the ownership of the property only to the extent that there shall be no motive on the part of the insured to destroy the property or neglect its proper care, and clearly this situation may be met by a provision less drastic. The maxim, "Ignorantia legis neminem excusat," has many exceptions. It is going far to say that every lawyer is presumed to know the intricacies of real estate law. It is going too far to say that every layman in dealing with an insurance company is charged with such knowledge. For reasons that appellee did not and could not understand the deed under which she held was invalid. Notwithstanding this fact she had bought, paid for, and was in possession of, the property under a deed apparently valid and purporting to convey the fee-simple title. She believed in good faith, and had reasonable grounds to believe, that she was the owner of the property. Neither her grantor nor any one else was asserting any claim to the property. On the contrary, her grantor recognized her as the owner of the property, promptly confirmed her title, and the situation was such that the loss would fall upon her if the property were destroyed by fire. In the circumstances the temptation to destroy or neglect the proper care of the property was wholly lacking, and yet the provision in question deprived her of the insurance. The resulting hardship is apparent, and nothing more is needed to show the unreasonableness of the provision. Notwithstanding this fact there might be some reason for upholding the provision if the case were exceptional. As a matter of fact, however, the case is not uncommon. On the contrary, fee-simple titles are the

exception in many sections of our commonwealth, and if the provision be upheld it will be an easy matter for insurance companies to defend successfully in nearly every case on the ground that the insured had no fee simple title. Not only will investigations made for the purpose of defense result in numerous lawsuits against property owners resting secure in the belief that they are the real owners of the property, but a large percentage of the insurance now or hereafter carried will be invalidated. Not being able to uphold the validity of the provision without shutting my eyes to the oppressive hardships and serious injustice that will necessarily follow, I am constrained to the view that the provision is unreasonable, and therefore invalid.

I am authorized to say that Judges WILLIS and LOGAN concur in this dissent.