## Royal Exchange Assur. of London v. Thomas.
Dec. 16, 1938.

MARSHALL A. DAWSON and WOODWARD, DAWSON & HOBSON for appellant.

E. C. O'REAR and ALLEN PREWITT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On April 22, 1927, Elijah Thomas and his four sons executed and delivered a mortgage on two small tracts of land in Woodford county to the Louisville Title Company, as trustee, to secure an indebtedness of $2,800 evidenced by mortgage bonds. Elijah Thomas owned one of the tracts individually and he and his sons owned the other jointly. It was provided in the mortgage that the mortgagors should keep the buildings on the property insured with the loss clause in the policy in favor of the mortgagee and upon their failure to do so the mortgagee might cause the property to be insured and have such loss clause attached to the policies, the mortgagors to pay the premiums on such policies. Elijah Thomas had or did take out insurance on the buildings on the land individually owned by him and this with the proper endorsements was turned over to the mortgagee which was later reorganized under the name of Title Insurance and Trust Company.

Thereafter, Frank Thomas, one of the sons of Elijah Thomas, constructed a residence on one corner of the jointly owned tract which contained about eight acres. This was done under an agreement between him and his father and brothers that if and when the land was partitioned between the joint owners he would be alloted the portion thereof on which his house and improvements might be built. The house erected by him cost about $3,000 and he insured it against loss by fire with the Western Assurance Company in the sum of $1,000. In some way the mortgagee learned that this house had been erected on the eight acre tract and wrote Elijah Thomas more than once to take out a policy thereon in conformity with the provisions of the mortgage and mail same to it, and, upon his failure to comply with the request, it applied to an agent of the Royal Exchange Assurance of London to issue a policy on the house in the name of Elijah Thomas in the sum of $1,500 which policy with loss clause was issued and delivered to and retained by the mortgagee. The mortgagee notified Elijah Thomas of its action and requested that he pay the premium on the policy which he did.

On December 25, 1934, the house built by Frank Thomas on the eight acre tract was totally destroyed by fire. Upon failure of the Western Assurance Company

to pay Frank Thomas the amount of the policy issued to him he instituted an action against it on the policy and it defended on the ground that the interest of insured was other than unconditional and sole ownership which under provisions of the policy rendered it void. On appeal from a judgment in favor of the company this court in an opinion reported in 271 Ky. 613, 112 S. W. (2d) 1028, reversing the judgment, held in substance that appellant Frank Thomas was invested with such title or ownership of the property as entitled him to recover on the policy. Elijah Thomas brought this action against the Royal Exchange Assurance of London to recover on the $1,500 policy and it is appealing from a judgment in his favor for that sum.

Appellee in his petition as amended set up many of the foregoing facts and, after alleging the loss and notice and proof of claim and the refusal of the company to make payment, further alleged in substance that he and his sons were negroes and were illiterate and not versed in business affairs and did not know or understand the effect or provisions of insurance policies; that it was understood and intended by them that any policies issued on the property were for the benefit of all; and that the mortgagee and appellant had full knowledge of all the facts with regard to the title when the policy was applied for and written. Appellant denied the material allegations of the petition and in a second paragraph pleaded a clause in the policy that it should be void if the interest of insured be other than unconditional and sole ownership. That affirmative defense is the ground argued and relied on for reversal.

It developed in the proof that appellant had paid to the mortgagee the sum of $1,615.33 during the pendency of the action in satisfaction of the loss under the policy and the latter made note of payment of the loss on its records but it assigned and transferred the mortgage and bonds to one C. N. Boone. Appellee offered to file his third amended and supplemental petition to conform to the proof in which his sons joined as plaintiffs and the Title Insurance & Trust Company and C. N. Boone were made parties defendant. In this petition they adopted the allegations of the original petition as amended and set up the facts with reference to the payment made by appellant to the mortgagee and the transfer and assignment of the mortgage bonds to Boone for

the benefit of appellant and alleged that such amount so paid by appellant to the mortgagee was more than the balance due on the mortgage indebtedness and prayed that the bonds and the mortgages be cancelled and surrendered to them; that the defendants be required to release the mortgage of record and that they recover the amount due on the policy less the sum required to satisfy the mortgage indebtedness.

The court refused to permit this third amended and supplemental petition to be filed and on motion appellee has been granted a cross appeal from so much of the judgment as refused to permit this pleading to be filed and to grant the relief thereby sought.

The evidence shows that the mortgagee formerly maintained an insurance department but that this has been sold to an agent of appellant and the agent continued to write all insurance for the mortgagee. While the evidence does show that the agent knew that the mortgagee required and kept in its files, abstracts of title of property mortgaged to it as trustee or otherwise, there is no direct evidence that he had knowledge concerning the title to the mortgaged property in this instance and there is little, if indeed anything, in evidence that would give rise to any inference of such knowledge. Unquestionably the interest of Elijah Thomas in the property was other than sole and unconditional ownership as is clearly shown by the evidence and by the opinion in Thomas v. Western Assurance Company, supra. However, with full knowledge of all the facts concerning the state of the title appellant made settlement with the mortgagee, thus recognizing to the extent of the indebtedness at least its liability under the policy which was given as security for the indebtedness, and it is not in position to now assume a different attitude. Its payment and satisfaction of the mortgage indebtedness in such circumstances was a complete discharge thereof for all purposes, and as we are constrained to hold inured to the benefit of the makers of the bonds and mortgage and fully relieved them of any further liability thereon. Since Elijah Thomas' interest in the property was other than sole and unconditional ownership, we are inclined to apply the doctrine announced in National Union Fire Insurance v. Hall, 233 Ky. 337, 25 S. W. (2d) 738, and subsequent opinions following it, as to any relief or recovery sought

by appellee other than that above indicated, notwithstanding some equities and proven facts and circumstances tend somewhat to dictate another course.

It is our conclusion that appellee is entitled to have the bonds cancelled and surrendered to him and the mortgage released of record.

Wherefore, the judgment is reversed on both the original and cross appeals for proceedings and judgment in conformity with this opinion.